STETTHEIMER ET AL., RESPONDENTS, *v.* CITY OF BUTTE ET AL., APPELLANTS.

(No. 4,646.)

(Submitted February 2, 1922.  Decided February 20, 1922.)

[204 Pac. 1039.]

*Cities and Towns—Special Improvements—Property Adapted for More Than One Use — Measure of Benefits — Burden of Proof.*

Cities and Towns—Special Improvements—When Owner not Liable for Cost.
   1.  Unless property can be benefited by a special improvement it cannot be made to bear any part of the cost.

Same—Liability for Cost of Improvement—When Finding of Council Conclusive.
   2.  With the determination of a city council that a local improvement results in special benefit to a given piece of property, as evidenced by its order for the construction of the improvement at the expense of the owners of abutting property, courts will not interfere, except

upon the ground of fraud or such manifest abuse of 'discretion as amounts to arbitrary action.

Same—Property Restricted to Particular Use—Measure of Benefits.
3. If property charged with the cost of a special improvement is restricted to a particular use and cannot be applied to any other, the measure of benefits which the improvement will confer is its increased value for the special use to which it is restricted.

Same—Property Adapted to More Than One Use—Liability for Cost of Improvement.
4. Where property receives benefits from a special improvement for any use to which it is reasonably adapted, other than the one to which it is then put, it may be made to bear its share of its cost.

Same—Use for Which Property Adapted—Burden of Proof.
5. *Held*, under the above rule (par. 4) that where it was conceded by defendant city that the property of plaintiffs, consisting of a portion of a mining claim, had always been held for mining purposes and that its value for such purposes would not be enhanced by the installation of a special improvement, plaintiffs were nevertheless liable for their proportionate share of the cost in the absence of a showing by them that the property was not reasonably adapted for any other use, such as for business and residential uses.

*Appeal from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

ACTION by Joseph C. Stettheimer and others against the City of Butte and another to restrain the collection of an assessment for street improvements. Judgment for plaintiffs and defendants appeal. Reversed and remanded, with directions to dismiss the complaint.

*Mr. R. L. Clinton, Mr. E. D. Elderkin* and *Mr. C. F. Juttner,* for Appellants, submitted a brief, and *Mr. J. O. Davies* and *Mr. M. J. Cavanaugh* submitted a brief in reply to that of Respondents; *Mr. Davies* argued the cause orally.

We contend that the city council in creating an improvement, which consisted of opening streets, laying sidewalks and curbs, contiguous to this property, declared conclusively that the abutting property within the district was benefited thereby to the extent of its proportionate cost of improvement, and with this legislative declaration of the council the courts have no jurisdiction to interfere, with but occasional exceptions involving fraudulent or arbitrary action, of which there is no complaint here. (*McMillan* v. *Butte,* 30 Mont. 220, 224, 76

Pac. 203; *Duncan* v. *Ramish,* 142 Cal. 686, 76 Pac. 661; *Chicago & A. Ry. Co.* v. *Joliet,* 153 Ill. 649, 39 N. E. 1077; *Chicago & N. W. Ry. Co.* v. *Elmhurst,* 165 Ill. 148, 46 N. E. 437; *Prior* v. *Buehler etc. Construction Co.,* 170 Mo. 439, 71 S. W. 205.)   Benefit is presumed to inure not to present use, but to the property itself affecting its value.   (*Louisville & N. W. Ry. Co.* v. *Barber Asphalt Pav. Co.,* 197 U. S. 430, 49 L. Ed. 819, 25 Sup. Ct. Rep. 466 [see, also, Rose's U. S. Notes]; *Village of River Forest* v. *Chicago etc. R. Co.,* 197 Ill. 344, 64 N. E. 364; *New York & N. H. Ry. Co.* v. *New Haven,* 42 Conn. 279, 19 Am. Rep. 534.)

"When the law authorizes a special assessment on lands, without providing any exception because of the use to which land is put, it is beyond the province of the court to create such an exception."   (*Butters* v. *City of Oakland* (Cal. App.), 200 Pac. 354; *Des Moines City Ry. Co.* v. *Des Moines* (Iowa), 159 N. W. 450, 454; *In re 225th Street* (*Muscoota Street*) *in New York,* 150 App. Div. 223, 134 N. Y. Supp. 926.)

*Mr. John V. Dwyer* and *Mr. W. I. Lippincott,* for Respondents, submitted a brief; *Mr. Dwyer* argued the cause orally.

In this case there is an attempt to collect the costs of improvements which add no value to the property.   That this may not be done is elementary, for the very theory upon which such assessment may be levied, and the only basis upon which special taxation can be sustained is that the property which is to be subjected to the assessment will be enhanced in value by such improvements to the extent of the burden imposed.   (*City of Chicago* v. *Blair,* 149 Ill. 310, 24 L. R. A. 412. 36 N. E. 829; 2 Cooley on Taxation, 3d ed., p. 113; *City of Butte* v. *School Dist. No. 1,* 29 Mont. 336, 74 Pac. 869.) In the case last cited it is said: "This improvement, however, must be of such a character as to enhance materially the value and effectiveness of the school property for the purpose for which it is held."

This rule is recognized in the case of *City of Kalispell* v. *School Dist.*, 45 Mont. 221, Ann. Cas. 1913D, 1101, 122 Pac. 742; see, also, *Northern Pac. Ry. Co.* v. *City of Seattle*, 46 Wash. 674, 123 Am. St. Rep. 955, 12 L. R. A. (n. s.) 121, 91 Pac. 244.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The city of Butte caused a sidewalk and curbing to be constructed along the south side of Front Street, and levied a special assessment upon abutting property belonging to plaintiffs to defray the cost of the improvements in front of that property. There was imposed, also, a nominal charge for street sprinkling. This action was instituted to restrain the city and its treasurer from collecting the assessment, and after trial upon an agreed statement of facts a judgment was rendered and entered in favor of plaintiffs, and defendants appealed.

It is conceded that the proceedings taken by the city were regular in all respects and that the assessment is valid, if plaintiffs' property is liable for the cost of the improvements. It is conceded, further, that the property is a part of the Frankie quartz lode mining claim, "which is and has always been held exclusively for mining purposes," and that the improvements "do not enhance the value of the property *for mining purposes.*"

The only basis upon which special assessments for local im-
[1]    provements are sustained is that the particular property charged derives a special benefit substantially commensurate with the burden imposed upon it, and it follows that, if a particular piece of property cannot be benefited by an improvement, it cannot be made to bear any part of the cost. (Hamilton on the Law of Special Assessments, secs. 233–241.)

Whether the construction of the sidewalk and curbing in
[2, 3]    question results in special benefit to plaintiffs' property was a question for determination by the legislative branch of the city government in the first instance, and its order for the

construction of the improvements at the expense of the abutting property owners was a determination that plaintiffs' property is specially benefited—a determination with which the courts will not interfere, except upon the ground of fraud or such manifest abuse of discretion as amounts to arbitrary action. The foregoing general rules are elementary, and are recognized by practically all of the authorities. If the property charged is restricted to a particular use, and cannot be applied to any other, the measure of benefits which the improvements will confer is its increased value for the special use to which it is so restricted. This is the effect of the decision in *City of Butte* v. *School Dist. No. 1,* 29 Mont. 336, 74 Pac. 869; but the rule cannot have any application to the present case, for plaintiffs do not contend that their property cannot be used for other than mining purposes. '

Except as indicated above, it is the rule now recognized [4, 5] generally that, if the property receives special benefits for any use to which it is reasonably adapted, it may be made to bear the cost of the improvements. (*Louisville & N. R. R. Co.* v. *Barber Asphalt Pav. Co.,* 197 U. S. 430, 49 L. Ed. 819, 25 Sup. Ct. Rep. 466 [see, also, Rose's U. S. Notes]; *City of Vancouver* v. *Corporation etc. of Nisqually,* 90 Wash. 319, 156 Pac. 383; *Chicago, R. I. & P. Ry. Co.* v. *Centerville,* 172 Iowa, 444, 153 N. W. 106, 154 N. W. 596; 2 Page & Jones on Taxation by Assessment, sec. 655; 28 Cyc. 1129; 25 R. C. L. 144.) The reason for this rule is manifest, and the present case furnishes an apt illustration of the absurdity to which a contrary doctrine might lead. The record discloses that the properties adjacent to plaintiffs' property are occupied by buildings devoted to business and residential purposes, and no one would have the temerity to insist that those properties may not be specially benefited by sidewalks and curbing constructed in front of them. If this court should hold that, because of its present use for mining purposes, plaintiffs' property may not be charged with any part of the cost of the improvements, and if, upon the day the *remittitur* is issued,

plaintiffs should abandon the present use and devote their property to business or residential purposes, or sell it to others who should so change the use, then the property would benefit by the improvements, but at the city's expense.

Further discussion is unnecessary. We deem the question before us not open to serious controversy. *Prima facie* plaintiffs' property will be specially benefited to the extent of the charge imposed upon it, and the burden was upon the owners to show, as they have not shown, that because of some special circumstances their property will not be specially benefited, and that the city acted arbitrarily in making the assessment.

The judgment is reversed and the cause remanded, with directions to enter judgment dismissing the complaint.

*Reversed with directions.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and GALEN concur.