ALMAS, APPELLANT, *v.* CITY OF HAVRE, RESPONDENT.

(No. 5,417.)

(Submitted February 15, 1924. Decided February 28, 1924.)

[223 Pac. 896.]

*Cities and Towns—Special Improvements—Extended District —Resolution of Intention—Sufficiency.*

1. In an action to recover improvement taxes paid under protest, *held* that, section 5228, Revised Codes of 1921, not so providing, a resolution of intention to create an extended improvement district including lots not fronting on the improvement, for the purpose of installing water-mains and fire protection apparatus, need not recite that the contemplated work was of more than local or ordinary public benefit, the adoption of the resolution being a sufficient finding that in the opinion of the city council the proposed improvement was of that character.

70 Mont.—3

*Appeal from District Court of Hill County, in the Eighteenth Judicial District; C. E. Comer, Judge of the Twentieth District, presiding.*

ACTION by J. S. Almas against the City of Havre. From a judgment of dismissal, plaintiff appeals. Affirmed.

*Mr. Victor R. Griggs,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Max K. Kuhr,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The city of Havre created Special Improvement District No. 90 for the purpose of laying water-mains and installing fire-protection apparatus. The improvements were completed and the costs charged to the property included in the district. The assessments were made payable in four annual installments, the first of which became due in 1921. The district includes lots 4, 5, 6, 7 and the north half of lot 8 in block 1 of Pepin's Second Addition to Havre, but none of these lots abuts upon the improvements made. J. S. Almas, the owner of the lots, paid the first installment under protest and instituted this action to recover the amount and to have the entire assessment upon his property declared void. From a judgment dismissing his complaint this appeal is prosecuted.

It is the contention of the plaintiff that the city council [1] did not acquire jurisdiction to proceed, so far as his property is concerned, because the resolution of intention to create the district does not recite that in the opinion of the council the improvement is of more than local or ordinary public benefit.

The resolution of intention recites, among other things: "The city council of the city of Havre, Montana, hereby finds and determines that all real estate situated in said district

will be especially benefited and affected by such improvement, and the property included within the boundaries of said district is hereby declared to be the property to be assessed for the cost and expense of making said improvement.''

It is true, as plaintiff contends, that the resolution of intention furnishes the basis upon which the subsequent proceedings must rest (*Shapard* v. *City of Missoula*, 49 Mont. 269, 141 Pac. 544), but we think plaintiff fails to distinguish between the facts necessary to be found by the council and the facts necessary to be recited in the resolution of intention.

Section 5228, Revised Codes of 1921, provides: ''Whenever the contemplated work or improvement, in the opinion of the city council, is of more than local or ordinary public benefit, * * * the city council may make the expense of such work or improvement chargeable upon an extended district, (and) which may include other lots not fronting on the improvement, and which the said city council shall, in its resolution of intention, declare to be the district benefited by said work or improvements, and to be assessed to pay the costs and expenses thereof.''

Section 5227 prescribes in detail the facts which must be made to appear in the resolution of intention to create an ordinary special improvement district. In addition to those facts, section 5228 provides that the notice of intention to create an extended district shall recite that such district is ''the district benefited by said work or improvements, and to be assessed to pay the costs and expenses thereof''; but it does not require, in express terms at least, that the resolution shall recite that ''in the opinion of the city council the contemplated work or improvement is of more than local or ordinary public benefit.'' It is true that the council must find that fact as a condition precedent to the creation of an extended district, but it is equally true that in the creation of any special improvement district the council must find that the property included will be specially benefited, and in the latter instance the order creating the district is sufficient evidence that the finding has been made, and a specific recital

of the fact in the resolution of intention is unnecessary. (*Stettheimer* v. *City of Butte,* 62 Mont. 297, 204 Pac. 1039.)

It is likewise the general rule that under a statute requiring the council to find that the proposed work or improvement is necessary, the adoption of the resolution is a sufficient declaration, so that an express finding in the resolution itself as to the necessity of the work or improvement need not be made unless the statute expressly requires the resolution to contain such a recital. (Hamilton's Law of Special Assessments, sec. 342.) In our judgment, the same rule applies in the case before us. By adopting the resolution of intention, describing therein a district which includes lots which do not front on the improvement, the council declared in effect that in its opinion the proposed improvement was of more than local or ordinary public benefit.

The resolution of intention contains all that the statute requires, and in the absence of any objection from plaintiff the council acquired jurisdiction of his property and jurisdiction to order the proposed improvements. (Sec. 5230, Rev. Codes 1921.)

The judgment is affirmed.

*Affirmed.*


MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.