TILLIE DUFFIE, Plaintiff and Appellant, v. METRO-
POLITAN SANITARY AND STORM SEWER DISTRICT
NO. 1, et al., Defendants and Respondents.

No. 11136.

Submitted June 9, 1966. Decided June 28, 1966.

417 P.2d 227.

542

Ludvig Tande, Plentywood, John M. Kline (argued), Glasgow, for appellant.

John Prothero and Mark Sullivan, Robert Holland (argued), Butte, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Second Judicial District in Silver Bow County, the Honorable W. W. Lessley presiding. The matter was heard without a jury. The District Judge viewed the premises and made findings of fact and conclusions of law, finding in favor of the defendants and against the plaintiff and refused to issue a restraining order and refused to declare the Metropolitan Sanitary and Storm Sewer District No. 1 void or that plaintiff's land be excluded from the District.

The plaintiff-appellant, Tillie Duffie, will be referred to as plaintiff. The defendants-respondents are the Metropolitan Sanitary and Storm Sewer District No. 1, a special improvement district, hereinafter referred to as District, and three named County Commissioners of Silver Bow County, ex-officio Commissioners of the District and will be referred to as defendants.

Plaintiff brought the action to enjoin the defendants from construction of the proposed district, to restrain the defendants from collecting and assessing taxes levied against the property of plaintiff, and for a declaratory judgment declaring that all the land of plaintiff be excluded from the District and that the District be declared null and void for the reason that the amount of tax made it unconstitutional and void.

Whether the original creation of the District was correct

under the statutes is *not* involved. The plaintiff admits that defendants complied with Chapter 44, Title 16, R.C.M.1947 and passed a resolution of intention to create the district. Plaintiff had received notice and plaintiff protested, but only 7.96 percent of the property owners by area protested. Plaintiff's property is within 70 feet of the proposed system. The defendants had, upon investigation and hearing, deleted some 15 acres of plaintiff's property from the original proposed boundaries as that property was rocky and steep.

The situation, giving rise to the District, is that by resolution of intention adopted August 4, 1964, the Board of County Commissioners of Silver Bow County declared its intention to create Metropolitan Sanitary and Storm Sewer District No. 1; that the Board declared that public convenience and necessity for the District was that the present sanitary and storm sewer system within the District was inadequate and insufficient to carry the existing volume of sewage; that in a substantial portion of the District there were no interceptors or lateral mains to collect raw sewage that discharged into two creeks that bisect the District; that this created a critical health hazard endangering the health of the residents of the District; that the entire area of the District constitutes a single drainage area which must be served by a unified sanitary and storm sewer system operated and maintained by a single authority; and the entire area of the District is in need of a sewage treatment plant because recent industrial developments have changed the metallurgical makeup of Silver Bow Creek which has created a serious health hazard to the entire District, as the raw sewage flows directly into the open creeks in the area and is no longer being treated as before.

Plaintiff's property left within the District and the subject of this suit consists of 6.59 acres. More details concerning the character of the land, proposed improvements, and appraisals will be referred to later.

The issues presented by plaintiff-appellant are as follows:

(1) Is the benefit to Tillie Duffie property equal to the burden imposed by the improvement tax to be levied?

(2) Can the Tillie Duffie property get any use out of the sewer line without future public action? and

(3) Was the Court correct in allowing the amount of costs?

As to specification No. 1, this court in Larsen Farms v. City of Plentywood, 145 Mont. 509, 513, 402 P.2d 410, 412, reviewed the general rule as follows:

"Respondent city relies on Stettheimer v. City of Butte, 62 Mont. 297, 204 P. 1039, wherein this court said, 'Prima facie plaintiffs' property will be specially benefited to the extent of the charge imposed upon it, and the burden was upon the owners to show, as they have not shown, that because of some special circumstances their property will not be specially benefited, and that the city acted arbitrarily in making the assessment.'

"This same case commences however with this holding. 'The only basis upon which special assessments for local improvements are sustained is that the particular property charged derives a *special benefit substantially commensurate with the burden imposed upon it,* and it follows that, if a particular piece of property cannot be benefited by an improvement, it cannot be made to bear any part of the cost.' Emphasis ours.

"In Crutchfield v. Nash, 84 Mont. 556, 564, 276 P. 938, 941, this court stated: 'The theory upon which a municipality may levy an assessment for such an improvement is that the property charged receives a corresponding *physical, material, and substantial benefit from the improvement.* Power v. City of Helena, above, 43 Mont. 336, 116 P. 415, 36 L.R.A.,N.S., 39.' See Almas v. City of Havre, 70 Mont. 33, 223 P. 896; Smith v. City of Bozeman, 144 Mont. 528, 398 P.2d 462.

"In Smith v. City of Bozeman, supra, 144 Mont. at 536, 398 P.2d at 466, this Court stated: 'The theory upon which a municipality may levy assessments for special improvements *is that the property would be benefited by the improvements to*

*the extent of the burden imposed.'* [Citing cases.] Emphasis ours."

We also here take cognizance of the familiar rule that the findings of the trial court will not be disturbed on appeal, unless the evidence preponderates against them with decisive clarity. Larsen Farms v. City of Plentywood, supra; Bell v. Bell, 133 Mont. 572, 328 P.2d 115; Schulz v. Brabender, 136 Mont. 152, 345 P.2d 1045. Thus, we look to see whether there was sound, competent evidence to uphold the findings of the district court.

As to this feature, the district court viewed the premises and heard testimony on market value at present and after completion of the sewer system. The trial court found the present value to be $500 per acre and the value after completion of the sewer system would be $1,500 per acre. If there be credible testimony to support these findings, we shall not disturb them. Respondents' brief dwells on the rule that the decision and determination of the governing body (here the Commissioners) is conclusive upon the courts if such body has not acted arbitrarily or with fraud, however we need not, here, concern ourselves with that.

In the trial, the court had before it the testimony of two realtors presented by the plaintiff, and the defendants presented two real estate appraisers, each of whom testified to the value of plaintiff's property both before and after the proposed improvements.

The character of the land, its location, its present use as a horse pasture, its best and highest use as a residential development, its distance to existing water and sewage facilities and their availability were all thoroughly gone into. Plaintiff's witnesses put a present value of $100 per acre on the land, and after the improvement a value of $300 per acre.

Defendant's two appraisal witnesses put a present value of $500 per acre. One of them valued it after the improvements at $1,500 per acre; the other at $2,000 per acre. It was this

testimony that was believed and adopted by the trial judge.

Plaintiff-appellant argues that the testimony of the two defense expert appraisers was "improbable," and therefore should have been rejected. As we have carefully read the record, a foundation was made, a careful appraisal made, and the credibility of the two witnesses was not shaken. Without attempting to analyze the testimony point by point, we conclude that there was sufficient credible testimony to uphold the findings made; therefore the benefit to the property was substantially commensurate with the burden upon it within the rules previously announced.

As to specification of error No. 2, the plaintiff-appellant's argument is this. Since, a sewer line is not usable without water, and since the evidence showed only two small springs on the Duffie property as sources of water and these springs were on the excluded portion of the Duffie property, that the distance and expense of construction of water lines to existing water mains was so great as to be prohibitive to plaintiff. Then plaintiff argues that plaintiff's only feasible method of getting water so that the proposed sewer could be made useful is to get a group of property owners to create still another special improvement district, thus, reasons plaintiff, this will require future action by public authorities and the rule announced in Crutchfield v. Nash, 84 Mont. 556, 276 P. 938, would apply. In Crawford v. City of Billings, 130 Mont. 158, 168, 297 P.2d 292, 297, quoting from Crutchfield v. Nash the rule was stated:

" 'An assessment cannot be predicated upon future action of the public authorities or future legislation and hence, if property cannot be benefited by a proposed improvement, unless subsequent work is done for which no provision is made, the property cannot be specially assessed.' "

Continuing in the Crawford case this court said: "However none of this is available to plaintiff or anyone he represents.

" 'In Crutchfield v. Nash, supra, it was conceded that the

plaintiffs there would receive no benefit without the formation of further special improvement districts. * * *' "

The court then went on to point out that water users in the Crawford case would be served by the public utility. The same situation, almost, appears here in that a witness testified that the water company serving the area would, upon residential development, extend its lines for service. Additionally, the appraisers, upon questioning, did take water availability into account in making their before and after appraisals, and thus we find no merit in specification No. 2.

As to the third specification of error, regarding costs, the record on appeal does not include the cost bill or any proceedings had therewith. During oral argument, appellant conceded that this item was not of great moment. At any rate, absent the records and particulars, we are unable to discuss it and therefore find no merit.

Accordingly, finding no error in the proceedings below, the judgment of the district court is affirmed.

We concur:

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, JOHN CONWAY HARRISON and ADAIR concur.