STUDER CONSTRUCTION COMPANY, Plaintiff and Respondent, v. RURAL SPECIAL IMPROVEMENT DISTRICT NO. 208 et al., Defendants and Appellants.

No. 11081.
Submitted September 13, 1966. Decided October 13, 1966.
418 P.2d 865.

Jones and Olsen, Billings, Paul Olsen (argued), Billings, for appellants.

Cooke, Moulton, Bellingham and Longo, Billings, Bernard Longo (argued), Billings, for respondent.

HONORABLE THOMAS DIGNAN, District Judge, sitting in place of MR. JUSTICE DOYLE, delivered the Opinion of the Court.

Rural Special Improvement District No. 208 and The Board of County Commissioners of Yellowstone County appeal from a judgment of the District Court of the Thirteenth Judicial District, in and for the County of Yellowstone, in favor of the plaintiff-respondent in the sum of $32,487.17, together with interest. The case was tried in the lower court on an agreed statement of facts and depositions.

The appellant District is a rural special improvement district located in Yellowstone County regularly created on the 16th day of April 1964, for the purpose of construction of sanitary sewer trunk mains at an estimated cost of $108,935.00. Appellants advertised for bids for the construction of the sewer, and the plaintiff was the low bidder for the sum of $93,956.70. Appellants accepted the bid and a written contract was executed between the parties. For the convenience of the appellants, the respondent agreed to assume the obligation of marketing all of the bonds issued by the District and to personally assume payments to all persons performing work for the District in addition to respondent's work. To that end it was customary with county special improvement districts that all costs of the district, in addition to the contractor's, should be added to and included in the final estimate and paid to the contractor in bonds. The contractor in turn made payments in cash for the

additional items not included in his contract or done by him to the parties entitled thereto. The respondent completed the work. The following are some of the agreed facts:

"Upon completion of the work and installation of the sewer, the work was approved by the County Surveyor, being the Engineer for the District, and by the Board of County Commissioners of Yellowstone County. Upon such completion the eleventh and final estimate was submitted by the Engineer for the District, who was at that time Ben B. Fulton, having been so appointed by the County Commissioners, and which final estimate was approved by the Engineer, approved by L. R. Sampson, the then County Surveyor, and by the Board of County Commissioners, by Ben B. Hagerman * * *.

"Thereafter a controversy arose as between the Board of County Commissioners acting on behalf of the District, and the City of Billings, Montana, relative to the acceptance of the sewer by the City, the City Engineer for the City of Billings contending that the infiltration rate in the sewer was too high for the capacity of the City transmission mains and the City sewage disposal plant and the Board of County Commissioners resisting this contention. This controversy was finally resolved between the City of Billings and the County Commissioners for and on behalf of the District by an agreement whereby the County Commissioners authorized additional work on portions of the sewer in an endeavor to decrease the infiltration rate in the sewer, as evidenced by the twelfth final estimate issued by the then duly appointed Engineer for the District, Thomas W. Hurdle, and approved by the Board of County Commissioners on May 19, 1956. The County Commissioners further agreed to pay the Contractor for this work in accordance with Section 25 of the specifications and general stipulations of the contract.

"Thereafter, the Contractor, Studer Construction Company, was ordered to proceed with this work under the supervision of the Engineer, Thomas W. Hurdle, and which work was

conducted for a period commencing with May 28, 1956, and ending with April 8, 1957, as evidenced by the statement of the plaintiff submitted to the County Commissioners acting for an on behalf of The District * * *.

"The work listed in the statement was actually performed and the respondent has not been paid the sum therein set forth or any part thereof."

The lower court found that there is no evidence or allegations of any fraud, collusion or culpable negligence on the part of the engineer for the district, the board of county commissioners or the respondent.

Respondent has received from the appellants total bonds in the sum of $146,405.17. However, from this sum respondent paid Yellowstone County general fund the sum of $19,421.96 for administrative costs, Yellowstone County road fund in the amount of $4,989.07, for resurfacing streets and the further sum of $9,126.00, for grouting the sewer line, additional expenses incurred by Yellowstone County, and not a part of respondent's contract.

Issue was joined in an action for breach of contract by the plaintiff for the agreed sum of $32,487.17 for the extra work done as ordered by the engineer for the district and the county commissioners acting for and on behalf of the district, together with interest thereon. Issue was also joined upon a counterclaim by appellant and defendant against respondent plaintiff contending that respondent plaintiff was a constructive trustee of the sum of $37,470.17 paid to it over and above the approximate original estimate of the bond issue in the sum of $108,-935.00.

The lower court found, and the defendant concedes, that the respondent faithfully discharged and performed all the terms, conditions and covenants of his agreement with the defendants and upon completion of the work done by the respondents as ordered by the appellants, the sanitary sewer system was accepted by the appellants and has been in operation and use by

the, residents of the improvement district since the completion of said work.

We here take cognizance of the familiar rule that the findings of the trial court will not be disturbed on appeal unless the evidence preponderates against them with decisive clarity. Duffie v. Metropolitan Sanitary and Storm Sewer District, 147 Mont. 541, 417 P.2d 227; Larsen Farms v. City of Plentywood, 145 Mont. 509, 402 P.2d 410; Bell v. Bell, 133 Mont. 572, 328 P.2d 115; Schulz v. Brabender, 136 Mont. 152, 345 P.2d 1045.

There is no question that the county commissioners had specific authority to undertake the additional work necessary to make the sewer line operative. R.C.M.1947, § 16-1626, in part provides:

"(2) The words 'work', 'improved' and 'improvement', as used in this act, shall include all work or the securing of property mentioned in this act, and also the construction, reconstruction, maintenance and repairs, of all or any portion of said work."

Appellants appeal solely on the basis of this court's decision in Koich v. City of Helena, 132 Mont. 194, 315 P.2d 811. In the Koich case the City of Helena passed a resolution of intention to create a special improvement district at an estimated cost of the improvements of $212,000.00. The city complied with the statutory provisions and invited bids for the performance of the work. The lowest proposal was $199,674.97, and upon the submission of this bid the city revised its estimate to $228,000.00 at which point the plaintiff and other taxpayers brought suit alleging they had no notice of the revised estimate. This court held in substance that a revised estimate, increasing the costs by seven and one-half percent, was excessive and the city would have to issue a new notice to the taxpayers in order to comply with the law.

The Koich case has no application here as in that case the court said:

". "* * * The great majority of those cases allowing assessment and levy of taxes in excess of the estimates provided for in the notice were ones in which the contracts had already been entered into and the improvements already completed."

■ The defendants in this action are attempting to impeach their own engineer, their own acts and determinations. In effect, the county commissioners are attempting to collaterally attack their own contract.

In the case of Lumbermen's Trust Company v. Town of Ryegate, 61 F.2d 14 (C.C.A.9th 1932), the Circuit Court of Appeals reversed Judge Charles N. Pray, where he held in favor of the City of Ryegate in an action to recover the par value of special improvement for construction of a water works system.

The main argument urged by appellants in the instant case is that the cost of the improvement including extras is over the "approximate estimate." In speaking of this very contention in the Lumbermen's Trust case, the Circuit Court of Appeals stated at page 26 of the Federal Reporter, as follows:

"As to the excessive contract price over the approximate statement thereof in the resolution of intention, the contract contains the basis of the cost of the improvement, and under the Montana decisions we hold that the property owners cannot now avail themselves of this discrepancy where they have stood by and allowed the improvements to be made without seeking injunctive relief in the courts. See Swords v. Simineo, 68 Mont. 164, 216 P. 806."

This court held in the case of Swords v. Simineo, 68 Mont. 164, 172, 216 P. 806, 808, in answering the same contention, as follows:

"It has been held by this court that the owner of property within a special improvement district cannot sit by and see improvements made benefiting his property and increasing its value, and then, after such improvements are made, refuse to pay for the same."

This court also invoked the doctrine of "estoppel" in the case of Power v. City of Helena, 43 Mont. 336, 342, 116 P. 415, 36 L.R.A.,N.S., 39 in which a property owner invoked the doctrine of equity to enjoin the collection of a special improvement district tax against his property after the special improvement had been completed, and stated:

"While we have not been able to find any case directly in point and the decision of the question presented is not without difficulty, it seems to us that upon principle the doctrine of estoppel *in pais* is applicable here; * * * that now, after the expense has been incurred, the improvement made, and warrants issued, it would be altogether inequitable to permit the plaintiff to escape his proportion of the tax."

Accordingly, we find no error in the proceedings below, and the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, CASTLES and ADAIR, concur.