GEORGE W. FINLEY AND EVELYN FINLEY, PLAINTIFF AND RESPONDENTS, v. ROBERT RUTHERFORD AND MRS. ROBERT RUTHERFORD, DEFENDANTS AND APPELLANTS.

No. 11400.
Decided August 12, 1968.
444 P.2d 306.

Leif Erickson argued, Helena, for appellants.

Robert Skelton argued, Missoula, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This appeal by defendants is from an order of the district court of Mineral County enjoining the defendants from obstructing a roadway leading to plaintiffs' property. The case was tried before the Honorable E. Gardner Brownlee, district judge, without a jury.

The disputed road leads from U.S. Highways No. 10 to land owned by the defendants. The ranch property, which the road runs to, and through, originally was owned by the Orr family who sold it in 1946 to the Cottons. The Cottons sold the ranch to the defendants in 1964 retaining a small parcel as a home. The ranch was purchased by defendants to be used as a "dude ranch."

North and adjacent to what is known as the "Cotton property", the property now owned by defendants, are the lands owned by the plaintiffs, hereinafter referred to as the "Finley property." This property was purchased by the Finleys in 1952, but was not used by them as a place of habitation until 1965, at which time they moved a house up the disputed road to its present location. There was testimony given at the trial that the Finley home is located in the proximate location location of an old sawmill constructed in 1913. The road in question run through the defendants' and plaintiffs' land terminating on what is referred to as the Houx property located just west of plaintiffs' land.

Robert Houx whose family homesteaded the Houx property testified at the trial that he first remembered the area when he was about six years old; that his family had lived there

during the summers until 1916 or 1917, later moving to about where the plaintiffs live at the present time. Mr. Houx testified that he had continued to live in the county most of his life. At the time of the trial he worked for the county road crew and in this capacity had knowledge of some county work on the road—but stated not much had been done for the road. The county had, prior to plaintiffs moving onto their property, plowed the road up to where the defendants now live, and had extended this plowing to the plaintiffs' home after they moved into their present home. In answer to a question of how many years it had been since he first used the road, Mr. Houx answered: "Since 1917." In addition, he testified that after his family left the area where the plaintiffs now reside a Mr. Alexander had lived there in a trailer house for about one year; that there was quite a long period between Alexander's occupancy and that of the Finley family who came in 1964.

The defendants take the position there was not sufficient evidence before the court to support the court's findings that the plaintiffs had a prescriptive right to use the road or trail. Defendants had Mrs. Cotton testify on their behalf; she testified that from the time they purchased the property in 1946 there had been little or no traffic on the road north of their property except during hunting season and people always requested their permission to use the road. She further testified that they had posted their property and maintained the fences and gates that enclosed it. Her description of the road at the time they moved onto their property in 1946 was that "it wasn't much more than a skid road, you couldn't call it a road hardly."

According to defendants, from the time plaintiffs' family moved in as neighbors defendants had made plaintiffs understand they were using the road only with defendants' permission, subject to their control. In view of the facts that the road ran right in front of defendants' home and children

played in the area, they had found it necessary to deny the plaintiffs the use of the road because they drove too fast going through the area. It was defendants' action of padlocking the gates that finally brought about this lawsuit.

The only issue before this Court is whether or not the evidence supports the judgment.

The district court made the following conclusions of law:

1. That the parties are each the owner of the land described in paragraph I and II of the findings, and that each of the parcels is burdened with easement for a roadway for the benefit of the other.

2. That the plaintiffs are entitled to an order restraining the defendants from interfering with their use of the roadway crossing the defendants' land.

The function of the Supreme Court in this respect is to determine whether or not there is substantial evidence to support the findings of fact and conclusions of law. Section 93-216, R.C.M.1947; Bender v. Bender, 144 Mont. 470, 397 P.2d 957; Kyser v. Hiebert, 142 Mont. 466, 385 P.2d 90. We will not disturb the trial court's findings of fact and conclusions of law unless there is a clear preponderance of the evidence against such findings, Studer Const. Co. v. Rural Special Impr. Dist., 148 Mont. 200, 418 P.2d 865; Duffie v. Metropolitan San. & Storm Sewer Dist., 147 Mont. 541, 417 P.2d 227.

In the instant case the trial court found in effect that the land in question was burdened with an easement for a roadway. In reviewing the evidence, quite understandably, it was in conflict. It is a matter for the district court's determination in non-jury cases; the court sees the witnesses, weighs their creditability and then makes the decision. This Court will uphold such a determination by the trial court when based on substantial evidence, even though conflicting. Hammond v. Knievel, 141 Mont. 433, 378 P.2d 388. Under the circumstances disclosed here, the trial court having determined that

an easement existed and there being substantial evidence to support the finding, we will not disturb it on appeal.

We have carefully examined the appellants' argument, the evidence introduced at trial and the court's findings of fact and conclusions of law. We hold that the judgment should be affirmed.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICE ADAIR, concur.

MR. JUSTICE CASTLES did not participate in this Opinion.