WALTER PEERY AND MABEL PEERY, HUSBAND AND WIFE, PLAINTIFFS AND RESPONDENT:, v. JAMES M. HIGGINS AND MATTIE S. HIGGINS, HUSBAND AND WIFE: BEN COOK AND L. A. HOLT, AS EXECUTORS OF THE ESTATE OF JAMES M. HIGGINS, DECEASED, ET AL., DEFENDANTS, AND C & W CONSTRUCTION AND MANUFACTURING CO., APPELLANT.

No. 11416.
Decided November 20, 1968.
447 P.2d 481.

Robert B. Brown (argued), Stevensville, for appellant.

Joseph M. Goldman (argued), Missoula, Edwin E. Multz, Missoula, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This appeal arises from a decision of Judge Philip C. Duncan, sitting without a jury, in a quiet title action in the fourth judicial district in and for the county of Ravalli.

Respondents, Walter Peery and Mabel Peery, husband and wife, sought to quiet title to a strip of land 20 feet wide running from a county road some 2,640 feet to respondents' property. This strip of land has served as a private road to respondents' property for some 40 years having been conveyed to respondents' predecessor in interest (his father, James T. Peery) in 2 separate parcels in 1904. The conveyances described the property as follows:

"* * * for the purpose of a private road and for no other purpose, a strip of land twenty feet wide off of the Southeast quarter of the Southwest quarter of Section 23, Township 9, North of Range 20 West, said strip running along the West side of said forty acres the full length thereof, North and South."

"* * * for the purpose of a private road and for no other purpose, a strip of land twenty feet wide off of the Northeast quarter of the Northwest quarter (NE¼ NW¼) of Section 26, Township nine, North of Range 20 West, said strip running along the West side of said forty acres the full length thereof, North and South."

Both conveyances also contained the following habendum clause:

"To Have and To Hold all and singular said described strip of land for the purpose herein mentioned unto the said party of the second part his heirs and assigns forever; provided however should said strip of land be abandoned for the purposes herein mentioned then said land shall revert to the grantor herein his heirs or assigns."

The appellant contends that these words in the habendum clause gave James T. Peery an easement only, and not title in fee simple to the lands described in the deeds. However, the issue here, insofar as the appellant is concerned, is not the

nature of the respondents' title, but rather whether the appellant has any right to the use of the strip of land in question. Further we are not concerned here with the reverter clause.

In accord with the conveyances the road was constructed by James T. Peery and maintained by him until his death. Subsequently the respondents and an adjoining property owner served by the road, one Lee Porter, maintained the road. There was no evidence given that the county had ever maintained the road.

The evidence revealed that all purchasers of real estate adjacent to said strip of land had actual notice of the ownership of respondents for, by stipulation made in court, the counsel for appellant agreed that all deeds from predecessors of the property involved be introduced. These various deeds including that of appellant, refer to the road as "a private road belonging to J. T. Peery".

In 1960 the appellant, C & W Construction and Manufacturing Company, purchased land adjacent to the strip granted to respondents' predecessor in title by deed. The appellant's deed recites "Also, commencing at the Northeast corner of the above-described parcel of land and running thence 210 feet along the North side *of parcel above described to a private road* belonging to J. T. Peery, thence North 103 feet * * *". (Emphasis supplied.)

Difficulties arose between the respondents and appellant due to alleged blocking of the respondents' road by trucks, and other acts of appellant. As a result respondents filed a complaint alleging ownership and possession of said strip of land with exclusive use, occupancy and enjoyment thereof. The appellant by answer denied the respondents' ownership and possession and asserted as an affirmative defense that the property was a public road and had been enjoyed by the general public for a period of more than 30 years prior to the commencement of this action. Appellant also

alleged that they, as well as their predecessors in interest, had used the road for over 30 years.

Both sides submitted findings of fact and conclusions of law. The court entered its own findings of fact—that the respondents have been and now are the owners, in possession, using and occupying the said property and in control thereof; that the appellant never acquired by any means, method or otherwise, or at all, any estate, right, title, interest, property, possession, claim or demand, or right of use whatsoever in or to any part or portion conveyed by the deeds; that none of said property ever became a public road. The court then in its conclusions of law quieted title to the 20 foot strip in question to the respondents.

The appellant set forth five issues of error all of which hinge upon whether or not the court properly found title to be in the respondents. This issue is the controlling issue and it will not be necessary to discuss the others.

There can be no question, on the evidence introduced at the trial and the various deeds and testimony explaining them, but that the findings and conclusions of law made by the trial court are correct. Commencing with the original deeds to James T. Peery, the letter from the Ravalli County Assessor dated Nov. 18, 1947 to Mr. J. T. Peery showing "as well as the 20 foot right-of-way in the other section" as being on the tax rolls, plus the deeds to adjacent property describing "to a private road belonging to J. T. Peery", leaves but the one conclusion arrived at by the trial judge—quieting of title to the respondents.

This Court in a recent opinion, Finley v. Rutherford, 151 Mont. 488, 444 P.2d 306, said:

"The function of the Supreme Court in this respect is to determine whether or not there is substantial evidence to support the findings of fact and conclusions of law. Section 93-216, R.C.M.1947; Bender v. Bender, 144 Mont. 470, 397 P.2d 957; Kyser v. Hiebert, 142 Mont. 466, 385 P.2d 90. We

will not disturb the trial court's findings of fact and conclusions of law unless there is a clear preponderance of the evidence against such findings. Studer Const. Co. v. Rural Special Impr. Dist., 148 Mont. 200, 418 P.2d 865; Duffie v. Metropolitan San. & Storm Dist., 147 Mont. 541, 417 P.2d 227.
\* \* \*

"In reviewing the evidence, quite understandably, it was in conflict. It is a matter for the district court's determination in non-jury cases; the court sees the witnesses, weighs their credit-ability and then makes the decision. This Court will uphold such a determination by the trial court when based on sub-stantial evidence, even though conflicting. Hammond v. Kniev-el, 141 Mont. 433, 378 P.2d 388 \* \* \*."

The judgment of the district court in decreeing quiet title to the 20 foot strip in respondents is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and CASTLES concur.