ELLISTON LIME COMPANY, a Montana Corporation, Plaintiff and Respondent, v. PRENTICE LUMBER COMPANY, a Montana Corporation, Defendant and Appellant.

No. 11883.
Submitted January 15, 1971.
Decided March 16, 1971.
483 P.2d 264.

Boone, Karlberg & Haddon, Missoula, Thomas H. Boone, argued, Missoula, for defendant-appellant.

Boyd & Radonich, Anaconda, William R. Taylor, argued, Deer Lodge, for plaintiff-respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

Judgment was entered in the district court of Missoula County setting aside a default judgment in favor of Prentice Lumber Company against Elliston Lime Company for approximately $21,000. Prentice Lumber Company now appeals from the judgment setting aside the prior default judgment.

In 1966 Prentice, who was engaged in the wholesale lumber brokerage business, began doing business with Elliston who was engaged in the business of processing cut-stock lumber. The business transactions between the parties were essentially the sale of four-quarter shop lumber by Prentice to Elliston and the purchase by Prentice of cut-stock lumber from Elliston for resale to third parties. In purchasing lumber from Elliston, Prentice would either pay Elliston or would credit Elliston's account for the purchase price less the brokerage commission and a 2% discount. As of June 30, 1967, Prentice's account with Elliston showed a balance owing by Elliston of approximately $21,000 that was disputed by Elliston.

On July 14, 1967, suit was filed by Prentice against Elliston seeking judgment for this $21,000 and at the same time an attachment was levied on Elliston's unencumbered property. The property was attached as security for payment of Elliston's obligation to Prentice. Personal service was made on Henry Hukill, president of Elliston. At the hearing seeking entry of a default judgment in that amount, the district judge discovered

that the return on service showed service on Hukill but not on the corporation, so the hearing was continued to correct this deficiency. Thereafter Prentice filed a return designated as a corrected service in which it was stated that service was made of a copy of the summons and complaint upon ''Henry Hukill, President of Elliston Lime Company on July 17, 1967.'' Hukill testified that the sheriff, at the time of service, stated to him ''Here's another attachment.''

On September 6, 1967, Prentice was awarded a default judgment by the district court for $20,971.15 against Elliston. On January 10, 1968, the sheriff held an execution sale, where Prentice purchased the attached property for $500. No appeal from the judgment was entered nor was any motion made to set aside the default judgment. The sheriff did not take into his possession the attached property nor did he post notice of attachment on the premises of Elliston. The plant continued to operate and there is a conflict in the evidence concerning whether Hukill knew of the judgment before the execution sale took place.

On August 15, 1968, Elliston filed an independent action against Prentice to set aside the default judgment. On March 2, 1970 the district court entered judgment setting aside the default judgment previously received by Prentice.

The basic issues presented for review are:

1. Whether the time within which an action to set aside the default judgment could be filed had expired.

2. Whether there was substantial credible evidence to support the finding of misrepresentations on the part of Prentice.

3. Whether the action is barred by laches.

4. Whether the grounds on which the court set aside the default judgment were within the issues raised.

On the first issue, Prentice contends that Rule 60(b), M.R.Civ.P. provides that an independent action to set aside a default judgment must be brought within .60 days after notice

of entry thereof. Rule 60(b) of the Federal Rules is identical to Montana's rule. Contained in both rules is the following language:

"* * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding * * *."

7 Moore's Federal Practice, para. 60.31, pp. 501, 502, states:

"It remains clear, as it has from the beginning, that Rule 60(b) does not limit the power of the court to entertain an independent action. * * * The independent action may afford the only avenue of relief, as where the time to move for relief on the basis of mistake or fraud, for example, precludes relief under 60(b) (1) or (3)."

An independent action to set aside a default judgment therefore, is not subject to the 60 day limitation for motions to set aside defaults in the original action.

▮ Prentice next contends that the finding of the district court that there were actions and representations by Prentice which led Elliston to believe that the litigation was merely for the purpose of providing security to Prentice to cover whatever amount was owed to them, is not supported by substantial credible evidence. In reviewing the testimony it is evident that there was a dispute as to what Prentice and Hukill agreed upon concerning a list of unencumbered property belonging to Elliston which Elliston furnished to Prentice and the use to be made of such list by Prentice. Hukill testified that he did not know a lawsuit was to be filed and that the property listed was for security only. Prentice testified that he had made it clear to Hukill that a lawsuit would be filed. The district court found in favor of Elliston on this substantial, though conflicting evidence and such finding will not be disturbed upon appeal. Finley

v. Rutherford, 151 Mont. 488, 444 P.2d 306; Johnson v. Silver Bow County, 151 Mont. 283, 443 P.2d 6; Rhodes v. Weigand, 145 Mont. 542, 402 P.2d 588.

Prentice next contends that Elliston is barred from bringing suit by reason of laches. However, this issue was not raised at the trial court. The rule in Montana is that "Upon appeal, this Court will consider for review only those questions raised in the trial court." Spencer v. Robertson, 151 Mont. 507, 511, 445 P.2d 48, 50 and cases therein cited.

Finally, Prentice contends that since Elliston did not plead any misrepresentations by Prentice to Hukill, the court's finding of such misrepresentations and basing its judgment thereon was outside the issues, and evidence in support thereof should not have been admitted at the hearing. The district court found that "the litigation was merely for the purpose of providing some security to Prentice Lumber Company to cover whatever amount was owed to them." Prentice contends that such finding was outside the scope of the issues as defined by the pleadings.

However, an examination of the pleadings discloses that Elliston alleged that there was an agreement between the parties concerning the use of the property as security which Prentice breached by the execution sale and its bid of $500 for the property.

There is substantial evidence, though conflicting, that supports this allegation. The crux of the suit was misrepresentation by Prentice concerning the use to which Elliston's property was to be put, coupled with a breach of the agreement based on such representations. To allow Prentice to prevail in this action on the basis that there was insufficient pleading of misrepresentations to raise the issue is to overlook the basic issue and reason that Elliston filed this action. The court's finding was that Prentice breached his representation or agreement that Elliston's property was to be used as security only. No person

can be permitted to benefit from his own wrong and this would be the result if Prentice were to prevail here under the findings of the court.

The judgment of the district court dated March 2, 1970 setting aside the default judgment in cause #30807 in that court is affirmed, and this cause is remanded for further proceedings.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, DALY, and CASTLES, concur.