No. 12253

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

PEARL THOMAS and ORLO THOMAS,

        Plaintiff and Respondent,

-vs-

G. O. SAVAGE, SR.; G. O. SAVAGE, JR.
and SAFECO INSURANCE COMPANY OF AMERICA,
a corporation,

        Defendants and Appellants.

---

Appeal from: District Court of the Second Judicial District,
           Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

    For Appellants:

        Arthur P. Acher argued, Helena, Montana.

    For Respondent:

        Maurice F. Hennessy, Butte, Montana.
        Corette, Smith and Dean, Butte, Montana.
        Kendrick Smith argued, Butte, Montana.
        Felt, Speare and Thompson, Billings, Montana.

---

                  Submitted: September 21, 1972
                  Decided: JAN 15 1973

Filed: JAN 15 1973

<u>Thomas J. Kearney</u>
                     Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by G. O. Savage, Sr., the moving party in the district court. Savage moved the district court of Silver Bow County "To vacate and set aside the judgment entered in the above entitled cases (Pearl and Orlo Thomas, v. G. O. Savage et al.) on December 11, 1970, in favor of Plaintiff and against said Defendant." He further moved, "To vacate and set aside the judgment entered in the above entitled cases on December 18, 1970, in favor of the Third Party Plaintiff Safeco Insurance Company of America, and against the said Defendant." The ground for this motion was that the district court was without jurisdiction to enter these judgments because Savage had not been served with process. The underlying action was an automobile accident involving G. O. Savage, Jr. and Mr. and Mrs. Thomas.

Separate actions were filed by Mr. and Mrs. Thomas in January, 1970, against G. O. Savage, Jr., (driver), G. O. Savage, Sr. (owner of car), and Safeco Insurance Company of America, the carrier of Thomas' uninsured motorist coverage, for damages due to personal injuries sustained in collision.

Copies of summons and complaint were served on the secretary of state; he mailed the copies (certified mail) to defendant "G. O. Savage, Sr., Whitehall, Montana 59759"; the letters were returned to the secretary of state, not delivered.

Meanwhile defendant Safeco cross-complained against the Savages alleging liability for any judgment Safeco might pay due to the insurance coverage; Safeco also served the secretary of state and on March 12, 1970, the secretary of state received the letter he had sent to Savage, Sr. marked unclaimed.

Cases were consolidated for trial; the Savages made no appearance and their defaults were entered; $15,000 judgment was entered for both plaintiffs against all three defendants on December 11, 1970.

On December 18, 1970, the second default judgment was entered in favor

- 2 -

of cross-plaintiff and respondent herein, Safeco.

Over one year following these judgments, on February 14, 1972, defendant G. O. Savage, Sr. appeared specially and moved to vacate and set aside the judgments entered December 11, 1970, and December 18, 1970; hearing on the motions was held February 18, 1972 and following oral arguments and submission of affidavits, Judge Freebourn denied the motions to vacate the judgments on March 15, 1972. This appeal followed.

The sole issue in this cause for our determination is whether the district court was correct in refusing to grant the motion. Judge Freebourn in his order stated:

> "(1) That the Motion was made under Rule 60(b) M.R.Civ.P.; that the Motion could not be confined to the last sentence of Rule 60(b) which provides only for an independent action; and that the Motion can be considered only, and was considered only, under the provisions of said Rule 60(b) which permits the trial court to allow an answer to the merits within 180 days after the rendition of the judgment."

He further stated:

> "(2) That the Motion was made more than 180 days after rendition of the judgment on the Third Party Complaint which is dated December 18, 1970. * * *"

As in the district court, the governing statutory provision in this case is Rule 60(b), M.R.Civ.P.; more particularly that portion of Rule 60(b) which reads:

> " * * * When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within 180 days after the rendition of any judgment in such action, to answer to the merits of the original action. * * *"

This provision in Rule 60(b) is unique to Montana. Our research reveals no other state with the same provision. While we are not able to draw an interpretation from another jurisdiction, the wording appears to be clear. The provision allows a party to come in to the district court and answer to the merits of an action if two conditions can be met; (1) the moving party has not been personally served in the original action, and (2) the motion has been made within 180 days of the rendition of the judgment. Upon the facts in this case it can be determined that only the condition concerning service

has been satisfied; the time limit was not complied with. The record reveals that the judgment and notice of that judgment of Pearl and Orlo Thomas against G. O. Savage, Sr. and Safeco Insurance Company of America were filed on December 11, 1970. Further, the record shows the judgment on the third party complaint by Safeco against G. O. Savage, Sr. was filed on December 18, 1970. The motion by G. O. Savage, Sr. was not filed until February 18, 1972, more than 480 days after the entry of the judgments. Plainly this does not come within that portion of the Rule 60(b), M.R.Civ.P., heretofore quoted, and therefore the district court was correct in denying the motion.

The district judge after making the above determination went on in his order to make the following determination:

> "(3) That by the Motion there has been a selection of remedies and G. O. Savage, Jr. [sic] is precluded from bringing an independent action under the last sentence of said Rule 60(b)."

It is our opinion that this ruling is in error. We can find nothing in Rule 60(b) which would lead to the conclusion an election of remedies is required for a party to benefit from its provisions. In Elliston Lime Co. v. Prentice Lumber Co., 157 Mont. 64, 67, 483 P.2d 264, we held:

> "An independent action to set aside a default judgment therefore, is not subject to the 60 day limitation for motions to set aside defaults in the original action."

Following that same reasoning, an independent action to vacate a judgment for failure to receive service is not subject to the 180 day limitation contained in the rule. The final sentence of Rule 60(b) provides:

> "This rules [sic] does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court."

This independent action provision of the rule according to Professor Moore is to retain the equity provision of not enforcing a judgment obtained against the public conscience. 7 Moore's Federal Practice, para. 60.36,

- 4 -

pp. 601, 602. For those reasons we reverse that portion of the district court's order.

In the briefs and during oral argument, arguments were presented concerning Rule 4(d), M.R.Civ.P. concerning service. Those questions are not properly before the Court at this time and we express no opinion concerning them.

Accordingly, by what has been heretofore said, the order refusing to grant the motion to vacate and set aside the judgments is affirmed except as to that portion thereof holding that an election of remedies has been had and that holding is reversed and ordered deleted from the court's order.

‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐
Chief Justice

We concur:

‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐

‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐

‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐

‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐‐
Associate Justices