No. 83-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF
JOHN C. HOYT,

Petitioner and Respondent,

and

HELEN J. HOYT,

Respondent and Appellant.

---

APPEAL FROM: District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Howard F. Strause, Great Falls, Montana

For Respondent:

Frisbee, Moore & Stufft, Cut Bank, Montana

---

Submitted on Briefs: November 3, 1983

Decided: JAN 2 6 1984

Filed: JAN 2 6 1984

*Ethel M. Harrison*
Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

This case comes on appeal from an order of the District Court, Ninth Judicial District, Glacier County, denying appellant's motion for change of venue. We affirm the decision of the District Court.

John C. Hoyt and Helen J. Hoyt were married in Great Falls, Montana, Cascade County, in September, 1970. On August 5, 1982, a petition for dissolution was filed by the husband in the Ninth Judicial District, Glacier County. The Clerk of Court issued a summons, although the wife later denied ever receiving the summons or petition. On October 22, 1982, the husband's attorney filed a "Response" to the petition for dissolution purportedly signed by the wife. In that "Response," the wife allegedly waived her right to legal counsel, her right to the services of appraisers and accountants and asked the District Court to grant the petition for dissolution filed by her husband. The cause was heard on February 3, 1983. The husband appeared and was represented by counsel but the wife did not appear personally nor through counsel. After hearing the husband's testimony the District Court entered its findings of facts, conclusions of law and decree of dissolution on that same date. On March 9, 1983, a notice of entry of judgment and a copy of the judgment were mailed to the wife.

On April 4, 1983, the wife filed a motion for change of venue requesting that the matter be moved from Glacier County to Cascade County. In support of her motion for change of venue, the wife filed an affidavit alleging the petition for dissolution was never served upon her and the

"Response" was filed without her knowledge or consent. In addition, she alleged in her affidavit that she was unaware of the contents of the "Response" when she signed the document and that her motion for change of venue was her first appearance in the matter.

On April 20, 1983, at the hearing on the motion for change of venue, the wife testified that her husband had her sign the "Response" without letting her read its contents and that she was intoxicated at the time she signed the document. In addition, the wife testified that she had lived in Cascade County a period of approximately fifty years, including the twelve years she and the her husband were married. At the conclusion of the hearing, the District Court denied the motion for change of venue and the wife thereafter appealed.

Initially, we note that the appellant never made a motion in District Court to withdraw her appearance. Thus, we cannot consider that issue on appeal.

A motion for change of venue should not be granted once judgment has been entered. The general rule is stated in 92 C.J.S. Section 166, p. 880 which provides:

> "After judgment by default a cause will not be removed for trial. After a default has been set aside, a defendant may apply for a change of venue, and while no judgment should be set aside to allow a change of venue, if proper grounds exist for setting aside the judgment, it may be done, and a change of venue granted for proper cause." (footnotes omitted.)

Thus, rather than make the motion for change of venue, the appellant could have moved for relief from judgment under Rule 60(b), M.R.Civ.P. and then, if the motion were granted, attempt to withdraw her initial appearance and request a

change of venue.    Until the judgment was set aside, the District Court could not grant appellant's motion for change of venue.    Thus, appellant's motion was untimely and the District Court properly denied the motion.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices