No. 84-366

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

IN RE THE MARRIAGE OF

JOHN C. HOYT,

        Petitioner, Counter-Respondent and Respondent,

   and

HELEN J. HOYT,

        Respondent, Counter-Petitioner and Appellant.

---

APPEAL FROM: District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Howard F. Strause, Great Falls, Montana

   For Respondent:

      John P. Moore, Cut Bank, Montana

---

Submitted on Briefs: Dec. 7, 1984

Decided: April 16, 1985

Filed: APR 16 1985

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Helen Hoyt (hereinafter wife) appeals from a judgment of the District Court of the Ninth Judicial District, Glacier County, denying her petition to set aside the decree of dissolution of marriage between herself and John C. Hoyt (hereinafter husband). We affirm.

John C. and Helen Hoyt were married in Great Falls, Montana in 1970. No children were born of this marriage. Both had children from previous marriages. In 1979 the husband prepared a "post-nuptial agreement" providing for property division, maintenance and support if either one filed for a legal separation or dissolution of the marriage or on the death of either of them. If the marriage endured, the husband agreed to make no claim against the wife's estate at her death. The wife would receive her choice of twenty-five percent of the net estate or that portion left by the husband's will if he predeceased her. In the event of a legal separation or dissolution, the husband agreed to pay the balance of the mortgage on the wife's house ($16,000 at the time of the agreement) and to purchase a new car for her. He also agreed to pay the wife $1,500 per month for eleven years upon the filing of a petition for dissolution. He also agreed to pay her $25,000 bearing interest as of September 1, 1979, at ten percent per annum with payment due after demand by written notice sixty days in advance. The wife would receive any and all household furnishings except for the husband's personal property. The husband also agreed to hold the wife harmless for any income tax claim. Both parties signed the agreement.

On August 5, 1982, the husband filed a petition for dissolution of marriage in Glacier County. On October 19, 1982, the wife signed a response to the petition presented to her by the husband. It affirmed the terms and fairness of the post-nuptial agreement, waived her right to a trial on the merits and assistance of counsel, and waived her right to be present at the final hearing on the dissolution of the marriage. His attorney filed the response on October 22, 1982. The summons issued by the clerk of court was returned without proof of service.

The final hearing on the dissolution of marriage was held on February 3, 1983. The husband was present with his counsel. The wife was not present. At the hearing the husband unilaterally agreed to extend the monthly payments of $1,500 to the wife from eleven years to life. The court approved the agreement, found it to not be unconscionable and ordered the parties to comply with its provisions. After the hearing at which the husband testified, the court entered a decree dissolving the marriage and incorporating the terms of the post-nuptial agreement.

The wife was served with notice of entry of judgment on March 9, 1983. On April 5, 1983 she appeared through counsel and filed a motion for change of venue. The District Court denied the motion. On January 26, 1984, this Court affirmed the denial holding that a change of venue was not appropriate unless and until the judgment by default had been set aside. In re the Marriage of Hoyt (Mont. 1984) 675 P.2d 392, 41 St.Rep. 183.

On February 2, 1984, the wife petitioned the District Court to set aside that part of the decree of dissolution that distributed the assets of the parties. The grounds

3

alleged were mistake, inadvertence, excusable neglect, fraud on the wife and fraud on the District Court. The facts alleged in her petition to support these grounds were:

She never received a copy of the divorce petition and was never served with the summons; the summons issued by the clerk of the court was returned without proof of service; the husband did not explain what the response was at the time he presented it for her signature and failed to leave a copy of the document with her; the wife was under the influence of alcohol and did not realize she was signing the response; the response was filed with the District Court without her knowledge; and the District Court was not aware of the circumstances surrounding her signature on the response.

In his answer on March 14, 1984, the husband denied all allegations except that he signed a petition for dissolution, that the clerk issued a summons, and that the wife signed a response. He requested that the petition to set aside the decree of dissolution be denied and filed a motion for summary judgment on the grounds that her petition was untimely and barred as a matter of law under Rule 60(b) M.R.Civ.P. Both parties submitted briefs on the Motion for Summary Judgment. Both parties presented oral argument on July 5, 1984 on the Motion for Summary Judgment and the Petition to Set Aside the Decree of Dissolution. The District Court took the matter under advisement and requested authorities on fraud be prepared by counsel. Both parties submitted briefs. The wife then filed a Motion for Summary Judgment on July 17, 1984 under Rule 60(b) M.R.Civ.P. on the grounds that she was not personally notified of the divorce proceedings.

4

The District Court's order, filed August 2, 1984, denied the wife's motion for summary judgment and granted the husband's request that the petition to set aside the decree of dissolution be denied and dismissed. The District Court did not specifically address the husband's Motion for Summary Judgment. The findings and conclusions included the following:

The post-nuptial agreement met the legal requisites of Montana law.

The sole basis of the division of assets in the decree of dissolution was the post-nuptial agreement, except that the husband unilaterally agreed to extend the monthly payments to the wife from eleven years to life.

The wife alleged no facts to support a contention that the post-nuptial agreement was unenforceable.

The wife made no complaint about the fairness of the terms of the agreement from the time of signing until this action.

The wife acknowledged service of the summons and petition in 1982 when she signed the response delivered by the husband.

Her signature on the response affirmed the post-nuptial agreement and waived her right to counsel, to a trial on the merits and to attend the hearing.

The wife may not have been sober when she signed the response, nevertheless she retained a copy of it after she signed it.

Service may have been insufficient under Rule 4(d)(1) M.R.Civ.P., however service was accomplished.

5

A defense of insufficient service is waived if not made by motion under Rule 12, M.R.Civ.P. or included in a responsive pleading.

The issue of insufficient service under Rule 4 M.R.Civ.P. as a reason to set aside the judgment was first raised by the wife in March 1984, one week short of one year after she first entered her appearance.

On April 20, 1983, at the time the court heard the wife's motion for change of venue, the court advised her twice that an attack on the decree of dissolution on the merits should be filed pursuant to Rule 60(b) M.R.Civ.P. which permits a motion to set aside a judgment within 60 days after entry of judgment, or if personal service was not made, within 180 days after entry of judgment.

She filed her petition 328 days after receiving notice of entry of the decree and 284 days after the denial of her motion for change of venue.

Rule 61 M.R.Civ.P. provides that no act done or omitted by the court or any parties and no defect in any ruling or order should be grounds for granting a new trial or for setting aside a judgment unless a refusal to grant a new trial is inconsistent with substantial justice. Rule 61 directs the court to disregard any error or defect not affecting the substantial rights of the parties.

Appellant characterizes the District Court's decision as improperly granting the husband's motion for summary judgment. She raises three issues on appeal.

(1) Did the District Court err in determining her petition was untimely?

6

(2) Did the judge incorrectly accept statements of disputed facts as true for his ruling on the motion for summary judgment?

(3) Did the District Court incorrectly conclude she presented no facts on which to base an allegation of fraud?

As noted above, the decision dismisses the petition without specifically addressing the husband's Motion for Summary Judgment. Thus, for the purposes of this opinion, the issues will be discussed as arising out of a dismissal.

(1) Did the District Court correctly dismiss any of appellant's claims for relief as untimely?

(2) Did the District Court correctly dismiss appellant's claim for relief based on the lack of actual personal notification as required in an independent action under Rule 60(b) M.R.Civ.P.?

(3) Did the District Court correctly dismiss appellant's claim for relief based on fraud on the court?

Dismissal of a claim and summary judgment are distinct questions of law and have different legal effects. A dismissal means "that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim" (Kielmann v. Mogan (1970), 156 Mont. 230, 233, 478 P.2d 275, 276) and addresses only the sufficiency of the complaint. It is appropriate relief when "it appears beyond reasonable doubt that the plaintiff can prove no set of facts which would entitle him to relief." Gebhart v. D. A. Davidson & Co. (Mont. 1983), 661 P.2d 855, 858, 40 St.Rep. 521, 524, citing Busch v. Kammerer (Mont. 1982), 649 P.2d 1339, 39 St.Rep. 1624. "[S]ummary judgment signifie[s] that, in light of the complaint and the evidence before the court, there remain[s] no disputed material issue of fact which

plaintiffs could prove to entitle them to recover." Granger v. Time, Inc. (1977), 174 Mont. 42, 46, 568 P.2d 535, 538.

The first issue concerns the untimeliness of the petition to set aside the Decree of Dissolution under Rule 60(b) M.R.Civ.P. and whether it was barred as a matter of law. Rule 60(b) permits the filing of a motion to set aside a judgment within sixty days after its entry, or, within 180 days if there has not been personal service. Judgment may be set aside on the following grounds: mistake, inadvertence, surprise, excusable neglect, or any kind of fraud, misrepresentation, or misconduct of an adverse party. Rule 60(b) does not limit the power of the court to entertain an independent action by a defendant not actually personally notified or to set aside a judgment for fraud on the court. Hopper v. Hopper (1979), 183 Mont. 543, 601 P.2d 29; Thomas v. Savage (1973), 161 Mont. 192, 505 P.2d 118, and others. Although the wife could have filed a timely Rule 60(b) motion as the trial court advised her to do, she chose to pursue an independent action on the narrow grounds permitted by the statute. By filing an independent action, the time limits of 60 or 180 days do not apply. The District Court noted that the wife's petition was untimely on the grounds of fraud upon the wife, mistake, inadvertence or excusable neglect because those grounds were not raised within 60 or 180 days as required by statute. Since her independent action, as per Rule 60(b), can be based only on lack of actual personal notification or fraud on the court, the dismissal of the petition on the other grounds as untimely was correct.

Either dismissal or summary judgment would have been proper on these grounds. By pursuing an independent action rather than filing a 60(b) motion, the wife herself abandoned

8

these grounds for relief. The only way she could have recovered for fraud on herself, mistake, inadvertence or excusable neglect would have been to file a timely 60(b) motion. By her own statements this cause is an independent action, not a 60(b) motion. Showing a material dispute on facts supporting grounds for relief when those grounds have been abandoned is inconsistent, and any district court action to purge the case of that request for relief would have been appropriate.

The wife's independent action on the basis of no actual personal notification, the second issue, must also fail. "Resort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances . . . It is not a remedy for inadvertence or oversight by the losing party in the original action . . . " Wright and Miller, Federal Practice and Procedure, Volume 11, §2868, p.243. This notice requirement is more stringent than both the lack of personal service of summons required for the 180 day time limit in Rule 60(b) and the insufficiency of process and service of process required in Rule 12(b)(4) and (5), M.R.Civ.P. The wife signed the response to the petition. She does not allege anyone forged her name or that she signed under duress. She may not have been completely sober when she signed the response. Nevertheless, her signature indicates she was actually personally notified. Although the service was by a party to the action, contrary to Rule 40 M.R.Civ.P., this is not a sufficient claim for an independent action under this part of Rule 60(b). If she had challenged the sufficiency of service in a motion pursuant to Rule 12 M.R.Civ.P., her challenge may have succeeded. If she had raised this defense under a timely 60(b) motion as

9

recommended by the District Court, she may have succeeded. However, she waived that defense by not raising it until almost ten months after her appearances began on the request for change of venue. See Rule 12(b) M.R.Civ.P. We therefore hold that the District Court properly dismissed this claim as well.

The third argument for setting aside the default judgment is that the decree was entered as a result of fraud on the court. As stated above, an independent action under Rule 60(b) is not available as a remedy under all circumstances. Here, the wife had the opportunity to raise her arguments under a timely motion but failed to do so. In addition she was unable to plead all the elements of fraud. The circumstances constituting fraud should be pleaded with particularity. Rule 9(b) M.R.Civ.P. Damage resulting from the alleged fraud is clearly a required element before a party may be permitted recovery. The wife can plead no damage from the entry of the default judgment unless the underlying post-nuptial agreement is also set aside. She admittedly made no allegations other than mere suspicions in her pleadings that indicated the post-nuptial agreement was unconscionable, fraudulently induced, or inadequate for her care and maintenance. Her mere suspicion of fraud is insufficient to sustain a cause of action. Cowan v. Westland Realty Company (1973), 162 Mont. 379, 512 P.2d 714. As the District Court below stated:

> "Finality of litigation is in the public interest and in the interest of the parties, and because [the wife] has no facts within her knowledge, five years after she signed the post-nuptial agreement, which would justify setting aside that document as unconscionable or fraudulently induced, this litigation should be terminated and the rights of

the parties put to rest. Pilati v. Pilati, 592 P.2d 1374, (Mont. 1979); Hopper v. Hopper, 601 P.2d 29, (Mont. 1979)."

Since a required element of fraud, damages, is absent from the pleadings the judge did not abuse his discretion in dismissing this third claim.

The decision of the District Court is hereby affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices