IN RE WHITE.

(No. 4,151.)

(Decided March 11, 1918.)

[171 Pac. 759.]

*Attorneys—Practicing Without License—Contempt.*

Attorneys—Practicing Law—What Constitutes.

1. One who appears as an attorney of record in a cause pending in the district court, files papers in behalf of a party thereto, advertises himself as an attorney in newspapers, on letter-heads used by him in his correspondence, or by a sign displayed in front of his office, practices law in a court of record and is guilty of contempt of the supreme court if he does so without being first duly admitted to practice law in the state.

[As to practicing law without a license as contempt of court, see note in **Ann. Cas. 1917B**, 1200.]

Same—Limit of Power of District Judges.

2. A district judge is without authority to grant anyone the privilege of appearing in his court to represent a client, unless such person is duly admitted to practice law in the state or he is a nonresident and has been admitted in the highest court of the state in which he resides, and in the latter case only for the purpose of conducting a particular cause, and upon motion of a member of the bar of Montana, and not to practice generally for any length of time.

Same—Practicing Without License—What not Defense.

3. Since a district judge has no authority to permit one to practice law without having been admitted to the bar, such person cannot justify his violation of the law in this regard by alleging such permission as his excuse.

PROCEEDINGS in contempt against H. P. White for practicing law without having been first duly licensed. Respondent adjudged guilty.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On December 4, 1917, the attorney general of the state filed with the clerk of this court a petition reciting that H. P. White, the respondent, a resident of the town of Troy in Lincoln county, "is holding himself out as an attorney at law by advertisement and otherwise, and practicing the profession of an attorney and counselor at law in said town of Troy and county

of Lincoln, without first having been admitted to do so by this court," and asking that a citation issue under the seal of this court requiring the said White to appear and show cause why he should not be punished as for a contempt. The petition was supported by the affidavits of B. F. Maiden and Graham Fletcher, attorneys and counselors at law residing, respectively, at Libby and Troy in Lincoln county, the former being also the county attorney, and George E. Davis, a justice of the peace residing at Troy. In response to a citation directing him to appear and show cause why he should not be punished, the respondent filed an answer which denied certain of the material allegations in the affidavits, admitted others, and then pleaded in avoidance that before he appeared in the district court he had obtained permission to do so from Hon. T. A. Thompson, the presiding judge. The court thereupon appointed James M. Blackford, Esq., an attorney and counselor at law residing at Libby, to hear the evidence submitted and to report the same with his findings of fact to this court. This has been done, and the matter is now submitted for decision.

The referee found the charges contained in the petition and affidavits fully established by the evidence and reported: That during the year 1917 the respondent, not having been admitted [1] to practice law in the state of Montana or in any other state, appeared as an attorney of record in the district court of Lincoln county in two causes, numbered, respectively, 400 and 409, by filing papers therein in behalf of defendants; that during the same time he advertised himself as a lawyer in the local newspaper in Troy, on letter-heads used by him in his correspondence and by a sign displayed in front of his office which he maintained in the town of Troy; that he appeared in the district court on two different occasions, representing defendants in the causes mentioned but that, before doing so, he had obtained the permission of the presiding judge; that such permission had been granted by reason of the fact that the presiding judge assumed that the respondent had been regularly admitted to practice law in the state of Idaho and therefore might by

courtesy be granted the privilege to practice until he could be admitted by this court; and that thereafter the respondent also attempted to represent a defendant in a criminal cause entitled, "*The State of Montana* v. *Charles Dixon,*" but that upon objection by county attorney B. F. Maiden, the presiding judge refused to permit him to appear for that purpose, and thereupon he refrained from any further appearance in the district court of that or any other county. The referee further found that the respondent did not by any direct misrepresentation mislead the presiding judge into the assumption that he had been admitted to practice in Idaho.

It cannot be questioned that in engaging in the activities he did, respondent was engaged in practicing law in the district court of Lincoln county (Laws 1917, Chap. 90, sec. 1; *In re Bailey,* 50 Mont. 365, Ann. Cas. 1917B, 1198, 146 Pac. 1101). Neither can it be questioned that in thus engaging in the practice he was guilty of contempt of this court. After full and careful consideration of the provisions of the statute on the subject, this was so decided in the *Bailey Case, supra.* We are entirely satisfied with the conclusion therein reached and will not enter upon an examination of the subject again.

The respondent assumes that the permission granted him by [2] Judge Thompson to practice until he should be regularly admitted by order of this court ought to absolve him entirely from the charge of contempt, and hence that he should not be subject to punishment. It is sufficient answer to this suggestion to call attention to the fact that a district judge is entirely without authority to grant anyone the privilege of appearing in the court over which he presides, to represent a client, unless he is a nonresident of this state and has been admitted to practice in the highest courts of the state in which he resides, and then only upon motion of a member of the bar of this state. Permission may be granted such an attorney to appear and conduct a particular case, but not to practice generally for any length of time (Laws 1911, p. 17, sec. 1). While, therefore, the error into which Judge Thompson fell in granting respondent

temporary permission to practice may be taken in palliation of the offense, it cannot be alleged as an excuse. It was [3] respondent's duty to ascertain what his rights were; especially so as he was assuming to act as an officer of the law and thus to possess the qualifications necessary to protect and enforce rights of such persons as would intrust him with them. As the judge had no authority to grant him the permission, respondent cannot justify his violation of the law (Rev. Codes, sec. 6388) by alleging it as his excuse.

In view of the circumstances, the court is not disposed to inflict a severe punishment upon the respondent, but it cannot acquit him entirely. It is therefore ordered and adjudged that he pay a fine of $90.75, the amount of the costs of this proceeding, and that, in default of payment, he be committed to the jail of Lincoln county, to be confined therein one day for each two dollars of the fine.

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.