No. 84-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

IN THE MATTER OF THE ESTATE OF NINA
KATHARYN HOGAN, Deceased.

---

THOMAS SKELTON,

        Contestant and Plaintiff/Appellant,

    -vs-

EDNA SKELTON, Personal Representative of
the Estate of Nina Katharyn Hogan, Deceased,

        Respondent and Defendant/Respondent.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert T. Cummins, Helena, Montana
        Charles A. Smith, Helena, Montana

    For Respondent:

        Small, Hatch, Doubek & Pyfer; Floyd Small, Helena,
        Montana

---

        Submitted on Briefs: Aug. 15, 1985

        Decided: November 14, 1985

Filed: NOV 14 1985

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellant, Thomas Skelton, contested the will of Nina Hogan on the grounds of incompetence and undue influence. The District Court denied jury instructions on the matter of undue influence. The jury found Nina Hogan competent. The appellant appeals the denial of instructions.

We affirm.

The issue presented is whether the District Court erred in refusing the appellant's offered instructions on undue influence.

Nina Hogan, testatrix, a long time resident of Helena, Montana, died at age 88 on November 5, 1981. Her husband predeceased her. Only one of her seven siblings, a sister, Lee Sweeney, survived her, but she had a number of nieces, nephews, and children of nieces and nephews living at the time of her death. By the terms of her will the major portion of her estate went to the respondent, Edna Skelton, the wife of one of her nephews, Bill Skelton. Edna and Bill Skelton are ranchers from White Sulphur Springs, Montana. In 1975 Edna Skelton began caring for Nina Hogan after she had an eye operation. Edna Skelton traveled to Helena frequently to care for her, doing housework and errands, up until her death. The record does not show that other relatives extended such care to her. The last few months of Nina Hogan's life was in a rest home.

The will in question was executed by Nina Hogan on October 20, 1981. This date was about two weeks before her death. The will is essentially the same as a will she executed May 5, 1981. The original of that will was lost or

destroyed but Nina Hogan signed a copy of that will on October 13, 1981. These three wills, all essentially the same, left the majority of her estate to the respondent, Edna Skelton. Edna Skelton was also appointed Nina Hogan's personal representative by the terms of the will.

The October 20, 1981, will was submitted to probate but challenged on grounds of incompetence and undue influence. At a jury trial the District Court refused instructions on undue influence. The matter of incompetence went to the jury and they returned a verdict that Nina Hogan was competent to make a last will and testament at the time of signing the instrument offered for probate as her will. The appellant, Thomas Skelton, contestant of the will, appeals from the District Court's refusal to instruct upon undue influence.

It is fundamental that a party is not prejudiced by the failure of the trial court to give requested instructions where the evidence does not support the giving of instructions. Magnuson v. Billmayer (Mont. 1980), 616 P.2d 368, 371, 37 St.Rep. 1597, 1600. A party is not prejudiced by a refusal of proposed instructions where the subject matter of the instruction is not applicable to the facts or not supported by the evidence introduced at trial. Associated Agency of Bozeman, Inc. v. Pasha (Mont. 1981), 625 P.2d 38, 42, 38 St.Rep. 344, 348. In order for this Court to reverse on the basis of the denial to give instructions it is necessary that the evidence supported such instructions.

The intention of a testatrix as expressed in her will controls the legal effect of her disposition. Section 72-2-501, MCA. Courts have neither the right nor the power to reframe the will of a decedent or to overthrow the expressed intent therein contained. In re Maricich's Estate

(1965), 145 Mont. 146, 162, 400 P.2d 873, 881. Of course, if the true intent of the testatrix is not manifest in her will because of undue influence the will is not valid, see, Maricich's Estate, 400 P.2d at 880, and the law will "rewrite" the will to express what the legislature has deemed to be the true intent of the testatrix, usually through application of the laws of intestate succession. See, § 72-2-201, MCA.

The contestant of a will has the burden of establishing undue influence. Section 72-3-310, MCA. Undue influence is the use of a confidence or real or apparent authority for the purpose of obtaining an unfair advantage over another or it may also be the taking of an unfair advantage of another's weakness of mind or a grossly oppressive and unfair advantage of another's necessities or distress. Section 28-2-407, MCA; see also, Black's Law Dictionary 1370 (rev. 5th ed. 1979), citing Calif. Civil Code § 1575. This definition of undue influence is contained in the statutes on Montana contract law but it has been applied in will cases. See, Adams v. Allen (Mont. 1984), 679 P.2d 1232, 1235, 41 St.Rep. 610, 613; Dybvik v. Dybvik (Mont. 1982), 654 P.2d 989, 993, 39 St.Rep. 2184, 2189.

Montana case law has established several factors that may be considered in reaching a determination on undue influence:

1. Confidential relationship of the person attempting to influence the testator;

2. the physical condition of the testator as it affects his ability to withstand the influence;

3. the mental condition of the testator as it affects his ability to withstand influence;

- 4 -

4. the unnaturalness of the disposition as it relates to showing an unbalanced mind or a mind easily susceptible to undue influence; and

5. the demands and importunities [urgent or persistent solicitations] as they may affect particular testator taking into consideration the time, the place, and all the surrounding circumstances. Maricich's Estate , 400 P.2d at 881; Adams, 679 P.2d at 1235.

These factors relate closely to what commentators have considered to be the elements of undue influence as that concept applies to wills. The elements of undue influence usually include a testatrix subject to or susceptible of undue influence, an opportunity to exercise undue influence, a disposition to exert undue influence, and a result appearing to be the effect of undue influence. Thomas E. Atkinson, Handbook of the Law of Wills 256 (2d ed. 1953); 1 Page on Wills § 15.5 (Bowe-Parker Revision 1960).

Although important, these factors and elements give only a means of attempting to prove or a means of analyzing undue influence. For there to be undue influence it is necessary that there be a destruction of free agency. See, Maricich's Estate, 400 P.2d at 879-881 and cases cited therein; accord, Atkinson, supra, at p. 255 and Page on Wills, supra, at § 15.2.

The record shows that the respondent obtained a close relationship with the testatrix. The respondent was a frequent friend and aid to the testatrix for about six years. This was a long time association between the respondent and the testatrix and the testatrix's acceptance of the respondent's aid created a close relationship sufficient to provide an opportunity for undue influence.

The testatrix was strong willed and independent of mind. However, the record shows that the testatrix's physical

condition deteriorated in the last years of her life. She lost her sight and was confined to a wheel chair. There was conflicting evidence on the testatrix's mental condition. The record shows a deterioration of mental ability but the jury determined that the testatrix was competent to make her last will. That determination was not appealed and it goes far towards establishing that her mental condition was not critically susceptible to undue influence in the absence of contrary evidence.

The disposition in the will was, in a technical sense, unnatural as it left the majority of the testatrix's estate to the wife of a nephew. However, this disposition is not unexpected or surprisingly unusual. The testatrix had no spouse at the time of her death and no children. She had one sister but that sister was alienated from the testatrix. Her only surviving relatives were nieces and nephews and the children of nieces and nephews, none of whom extended much care to her. The primary beneficiary was married to one of her nephews. The beneficiary was a close friend and aid.

The record does not disclose that the respondent made demands or urgent or persistent solicitations upon the testatrix. Respondent, as friend and aid, played a part in the events surrounding the execution of the wills but in such fashion that did not exceed the care and aid that she had been giving for several years. Interested and influential the respondent may have been but not to the extent of taking an unfair advantage or destroying the testatrix's free agency.

The appellant's arguments on appeal that the respondent committed wrongdoing are largely based on speculation.

Evidence in the record does not create a question of fact on undue influence.

We hold that the evidence introduced at trial did not support the giving of the appellant's instructions on undue influence. The District Court did not err in denying those offered instructions.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices