No. 86-454

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

BERNIE A. SWIFT, pro se spokesman;
CHARLES F. TREECE, pro se; MAY VALLANCE,
pro se; ADELBERT E. REYNOLDS, pro se;
ELLA SHARP, pro se; VICTOR H. WARNER,
pro se; and DEAN L. WALROD, pro se,

        Plaintiffs and Appellants,

  -vs-

STATE OF MONTANA, DEPARTMENT OF NATURAL
RESOURCES & CONSERVATION, and DALY DITCHES
IRRIGATION DISTRICT,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Ravalli,
               The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Judith A. Loring, Hamilton, Montana

    For Respondent:

        Loble & Pauly; Lester H. Loble, II, Helena, Montana
        Larry Persson, Hamilton, Montana

---

Submitted on Briefs: Feb. 13, 1987

Decided:   April 21, 1987

APR 2 ... 1987

Filed:

_Ethel M. Harrison_

                Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Appellants appeal an order of the District Court of the Fourth Judicial District in and for Ravalli County, Montana, dismissing with prejudice a complaint filed in that court. We affirm.

The pertinent facts are those in In re Petition for Organization and Establishment of an Irrigation District in Ravalli County (Mont. 1984), 680 P.2d 944, 41 St.Rep. 658, the Daly Ditch case. Briefly, at the turn of the century the Ravalli Land and Irrigation Company included water users who had rights to use water from the Bitterroot River and users with rights to use water from Skalkaho Creek. Water from the river is diverted primarily by way of the Republican Ditch and the Hedge Ditch, both of which cross Skalkaho Creek. Because of geography it is impossible to irrigate certain lands with water from the ditches. The owners of land below the ditches who owned rights to the use of Skalkaho Creek water permitted a diversion of these waters to lands above the ditches in exchange for the use of water from the ditches. A transfer of right, title and interest of the Ravalli Land and Irrigation Company to the State Conservation Board in 1942 continued this exchange. The Montana Department of Natural Resources and Conservation (DNRC) is the successor to the State Water Conservation Board.

Because of significant financial losses and the need for extensive and costly repairs, the 1979 legislature directed the DNRC to dispose of the project by sale or abandonment. See § 85-1-401 et.seq., MCA. An action was brought in the District Court to organize the Daly Ditches Irrigation District (DDID) for the purpose of taking over from DNRC operation and maintenance of the Daly Ditch

2

project. The DNRC had attempted unilaterally to revoke its consent to the exchange agreements by sending letters of cancellation and refused to deliver ditch water in exchange for Skalkaho Creek water.

In its order establishing the DDID, the District Court found that certain Skalkaho Creek exchange water users had been damaged by refusal of the DNRC to deliver water. The District Court said:

> It is fair and equitable that the Skalkaho Creek Exchange water user individuals having tenth or superior water rights will receive water from the Daly Ditch Water Project on the exchange basis and receive a credit against the cost allocable to them for the operation, maintenance, replacement or reconstruction of Republican or Hedge diversions as well as on account of the purchase of water from Painted Rock Water Project. This credit should exist for a fixed number of years.

We affirmed the District Court in the Daly Ditch case, supra, and remanded to allow the District Court to determine the rights of the parties or other interested persons.

The District Court issued an order January 24, 1986, which made a preliminary determination of those rights which fell within the priorities one through ten and those rights which fell within priorities eleven through seventeen. The Court specifically advised anyone who had a disagreement with its decision to present supporting evidence, and set a trial date of April 1 and 2 for people owning rights one through ten. Appellants filed a pro se complaint February 6, 1986, which the District Court characterized as a collateral attack on the Daly Ditch decision and an interlocutory appeal of the April trial before the court announced its decision. On June 6 the court dismissed the complaint, with prejudice. The

3

District Court's findings of fact, conclusions of law and judgment relative to the April hearing were issued August 4, 1986. A notice of appeal to this Court was filed August 7. The appeal is directed to the dismissal of the complaint and not to the findings of the court relative to the April hearing.

The appellants state they filed their pro se complaint in an attempt to invoke the lower court's jurisdiction to hear and determine questions having to do with the continuing validity of certain water exchange agreements. We agree with the District Court that the complaint does not state a claim upon which relief may be granted. It is a collateral attack on the final judgment of the District Court establishing the DDID. This Court affirmed the District Court's decision in the Daly Ditch case, which established the DDID.

The general rule is that a judgment is not subject to collateral attack where the court has jurisdiction of the subject matter and of the parties.

> By 'collateral attack' is meant 'every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void ab initio.' [Citing cases.]

Daly Bank v. State (1957), 132 Mont. 387, 395, 318 P.2d 230, 236. The court's jurisdiction is not questioned. The appellants did not oppose establishment of the District. Insofar as paragraph one of the complaint is an attack (and this is unclear) on the establishment of the District, such an attack is a collateral attack on a final judgment and cannot be heard.

Appellants argue they should be permitted to amend their complaint rather than having it dismissed with

4

prejudice. We have long supported the general proposition that claims ought to be decided on their merits. See Prentice Lumber Co. v. Hukill (1972), 161 Mont. 8, 504 P.2d 277.

Appellants, however, have no complaint that has not been adjudicated on its merits. This Court in the Daly Ditch case found the DDID had an obligation to provide substitute water to the exchange water users. The District was required to take any exchange water user who joined. It was required to give a credit to all exchange water users who had priority rights one through ten for as long as they remained members of DDID. The rights of the exchange water users to obtain water on a basis that would take into account the use by the District of their appurtenant rights in the Skalkaho were recognized by granting them a credit if they joined the District. However, they will not receive use of the water on a cost free delivery basis. Those who chose not to join the DDID nonetheless retain all legal and equitable remedies to preserve their rights.

If appellants' intent was to challenge these items, they are barred by the doctrine of res judicata.

> The criteria to be used in determining whether an action is barred by res judicata are . . .
>
> (1) the parties or their privies must be the same; (2) the subject-matter of the action must be the same; (3) the issues must be the same, and must relate to the same subject-matter; and (4) the capacities of the persons must be the same in reference to the subject-matter and to the issues between them.

Fox v. 7L Bar Ranch Co. (1982), 198 Mont. 201, 206, 645 P.2d 929, 931. All four criteria are met. The parties, appellant exchange water users, the DNRC and the DDID are the same here

as in the Daly Ditch case; the subject matter, the right to receive exchange water, is the same. The issue in both cases is the credit to be received by holders of Skalkaho Creek water rights junior to the tenth right. The capacities of the parties are the same in reference to the subject matter and the issues.

Appellants could not at the time their complaint was filed be heard to complain that they "[were] and will continue to be impacted and damaged by virtue of establishment of Daly Ditches Irrigation District System encroaching upon and interfering with our decreed Skalkaho Creek water rights," because those rights had not been interfered with. If it were appellants' intent to challenge the District Court's determination of rights to certain credits the Complaint is an interlocutory appeal, and thus fails to state a claim on which relief may be granted.

The Order dismissing the Complaint with prejudice does not affect appellants' water rights. Neither does it deprive them of an appeal of the decision issued by the District Court August 4. Appellants are not left without opportunity for further judicial relief.

In its Order dismissing the Complaint, the District Court also found dismissal was warranted because appellant Bernie Swift was practicing law without a license. We agree. Because Bernie Swift is not licensed to practice law in Montana he cannot act as spokesman for others before the court.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_John Conway Harrison_

_Frank I. Haswell_

_John C. Sheehy_

_William E. Hunt Sr._
Justices