No. 86-424

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN THE MATTER OF THE ESTATE OF
GRACE ALICE WATSON, Deceased.

_____

APPEAL FROM: The District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert L. Johnson, Lewistown, Montana

For Respondent:

Timothy J. O'Hare, Lewistown, Montana

_____

Submitted on Briefs: April 3, 1987

Decided: June 17, 1987

Filed: JUN 17 1987

_Ethel M. Harrison_
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Appellants Orville Watson and Garnet Watson appeal an order of the Tenth Judicial District Court, Fergus County. The order determined that appellants' deceased mother had testamentary capacity, and admitted the mother's will into formal probate. We affirm.

Appellants present a single issue for our review: Did the District Court err in failing to give Orville and Garnet Watson the benefit of the presumption of § 72-20-208, MCA, which states: "Presumption against trustees. All transactions between a trustee and his beneficiary during the existence of the trust or while the influence acquired by the trustee remains by which he obtains any advantage from his beneficiary are presumed to be entered into by the latter without sufficient consideration and under undue influence." (Emphasis added.)

Grace A. Watson and her husband, Cyrus, were dry land farmers near Moccasin, Montana. They had three sons: Henry, Orville and Garnet. Cyrus died in 1945 leaving his entire estate to Grace. Over the next thirty years, the sons filed suits and countersuits against Grace and against each other. Henry, the oldest son, and Garnet, the youngest, left the farm. Grace moved to Lewistown, and Orville remained on the farm. In 1974, Grace and the sons settled a property division, and Orville moved off the farm. In 1976, while under the care of Henry, Grace made a will which left her estate to Henry and Garnet in equal shares, and named them as co-personal representatives. The will expressly excluded Orville from any share of the estate.

On January 18, 1980, Grace gave Henry her power of attorney. Later, while Grace was in a nursing home on October 31, 1980, she executed a trust agreement with Henry.

2

Under the trust, Grace would receive a life income from the trust estate; and upon Grace's death, the trust estate would be distributed in accordance with Grace's will.

On November 21, 1980, at age 86, Grace executed a new will. The will was signed in the presence of her attorney and witnessed by a third party. Henry was not present when the will was signed. The will named Henry as the sole devisee. The will also provided that if Henry pre-deceased Grace, then Grace's estate would pass to Henry's widow, Virginia R. Watson. Henry was named as personal representative, with Virginia as the alternate. Henry died on July 14, 1984. When Grace died on April 21, 1985, Virginia was the sole remaining devisee under Grace's will.

On May 23, 1985, as personal representative of Grace's estate, Virginia applied for informal probate. The application for determination of inheritance tax placed the total value of Grace's estate at $78,454. On July 2, 1985, Orville and Garnet filed an action which sought to set aside the probate of Grace's will, declare that Grace Watson died intestate, and appoint Orville and Garnet as personal representatives.

On June 20, 1986, the District Court made the following findings:

> 9. That at the time the decedent, GRACE A. WATSON, executed her said Last Will and Testament, the Will admitted into informal probate in Fergus County Probate Cause No. 7607, she understood the nature and extent of her estate and understood that by that Will she was making the appointment provided for in the Trust Agreement previously executed by her. She also understood that she excluded any devise to her son, CYRUS ORVILLE WATSON, and made a somewhat unique provision for her son, GARNET A. WATSON; and understood why she made that

3

> latter provision: to avoid anything going to GARNET A. WATSON'S wife.
>
> By reason of the foregoing, it is the finding of this Court that in making and executing the said Will the decedent had testamentary capacity.
>
> 10. That decedent's son, OREN HENRY WATSON, may have had opportunity to exercise undue influence upon his mother, the decedent, but there is no evidence that he did so in fact. The Will is the result of the decedent's desires and intentions, and hers only. [Emphasis added.]

The court then concluded:

> 3. The said Will, having been contested and having been found to be valid and unrevoked, should be admitted into formal probate and VIRGINIA R. WATSON is entitled to remain the Personal Representative of the Estate of GRACE A. WATSON.

Orville and Garnet contend that the District Court was required to give them the benefit of the presumption of § 72-20-208, MCA. They assert that § 72-20-208, MCA, places the burden of proving no undue influence on the proponents of the will. Orville and Garnet contend that Henry bore a confidential relationship with Grace as a result of the power of attorney she gave him, and that Henry contrived to exclude them from the estate. They argue that Grace lacked adequate testimonial intent or capacity due to her memory loss, confusion, and Henry's undue influence. They further argue that Henry acted within his capacity as trustee when he helped Grace try to retrieve a doll she had given to Garnet's wife.

On this issue, our standard of review is whether substantial evidence supports the District Court's findings, when viewed in a light most favorable to the prevailing

4

party. Adams v. Allen (Mont. 1984), 679 P.2d 1232, 1234, 41 St.Rep. 610, 612.

In analyzing the issue we note the intention of Grace, as expressed in her will, controls the legal disposition of her estate. Section 72-2-501, MCA. If the true intentions of the testatrix are manifest in her will, we will not contradict those intentions. Matter of Estate of Hogan (Mont. 1985), 708 P.2d 1018, 1020, 42 St.Rep. 1711, 1713.

Grace knew the objects and extent of her bounty, and specifically mentioned both Orville and Garnet in her will. A special provision stated that Henry should look after Garnet. Orville was expressly excluded from both the 1976 will and the 1980 will.

Contrary to the contentions of Orville and Garnet, the contestant of a will has the burden of establishing undue influence. Section 72-3-310, MCA. Adams, 679 P.2d at 1235. However, Orville and Garnet only showed that Henry had the opportunity to exercise undue influence, but presented no evidence that he did so in fact. We hold that the mere opportunity for undue influence is not tantamount to the actual exercise of undue influence.

Orville and Garnet presented no evidence of any improper act by Henry in the administration of the trust. The trust agreement was properly executed by Grace, as grantor, and Henry, as trustee. It contained the following dispositive provision:

> During the lifetime of the Grantor, the Trustee shall pay to the Grantor all of the net income from the trust estate; and, upon the death of the Grantor, the Trustee shall dispose of the remainder of the trust estate in such shares, proportions, and estates, in trust or otherwise, as the Grantor may direct and appoint by her Last Will and Testament . . .

5

Grace's will was incorporated by reference into the trust agreement. The execution of Grace's will was a unilateral act by her as testatrix. The execution neither affected Grace's status as grantor of the trust nor altered Henry's status as trustee.

The general principle of liability of a trustee necessarily applies only to those acts related to his administration of the trust, and not for acts or omissions outside the trust. The preparation of a will by a grantor wherein the trustee is granted the residue of the estate, is not, standing alone, a trust transaction between the trustee and grantor/beneficiary within the meaning of § 72-20-208, MCA.

Furthermore, § 72-20-208, MCA, only creates a rebuttable presumption of undue influence. Presumptions may be rebutted and overcome by relevant evidence. Substantial relevant evidence supports the court's determination that Grace's will was properly executed, and that Grace was competent and acted without undue influence by Henry. Grace's nurse, physician and attesting witness all testified that Grace was competent at the time she executed her will, less than one month after she executed the trust.

Orville and Garnet's reliance on the presumption of § 72-20-208, MCA, is misplaced. This statute has specific application where a trustee takes trust property for his personal benefit. Orville and Garnet presume a transaction where none existed. The mere naming of Henry as both trustee and residuary devisee does not create a transaction between the trustee and grantor/beneficiary and thereby shift the burden of proof to the trustee.

We will not apply § 72-20-208, MCA, where the subject matter of the statute is not applicable to the facts and is not supported by the evidence. We hold that § 72-20-208, MCA, does not apply to this case.

We affirm the findings and conclusions of the District Court.

_____
Chief Justice

We concur:

_____
_____
_____
_____
_____
Justices