No. 87-461

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

STATE OF MONTANA,

          Plaintiff and Respondent,

   -vs-

SALLY A. BARNES,

          Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Sally A. Barnes, pro se, Thompson Falls, Montana

    For Respondent:

        Mike Greely, Attorney General, Helena, Montana
Peter Funk, Asst. Atty. General, Helena
Claude I. Burlingame, County Attorney, Thompson Falls,
Montana

_____

Submitted on Briefs: May 12, 1988

Decided:  June 21, 1988

Filed:  JUN 21 1988

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Sally Barnes, hereafter referred to as "defendant," appeals her conviction for selling beer and wine without a valid license from the Department of Revenue, a violation of §§ 16-6-301 and 16-6-302, MCA. We affirm.

The record shows that the defendant's license to serve beer and wine on the premises of her restaurant was revoked on March 15, 1986 after the defendant had failed to renew the license. The record further reveals that two undercover investigators were served a total of six beers during three different trips to the restaurant in early October 1986 and then obtained a search warrant to confiscate the beer and wine and related evidence. The defendant was charged in Sanders County District Court with knowingly or purposely selling or keeping for sale alcoholic beverages without a license.

The defendant refused to plead to the charge at her arraignment so the District Court entered a not guilty plea for her. The case went to trial before a jury of Sanders County residents on May 11, 1987 and that jury, having heard the evidence presented, returned a verdict of guilty. The defendant raises the following issues on appeal:

1. Do the licensing statutes forbid her from selling or serving beer and wine without a valid license?

2. Did the Montana District Court have jurisdiction over the matter?

3. Does such jurisdiction allow the court to enter a not guilty plea on her behalf; to deny her challenge to the

2

entire pool of prospective jurors; to refuse her request to have a non-lawyer represent her; to rule that the State need not produce a "victim;" and to refuse her proposed instructions?

The defendant has asserted throughout that as a natural born, white citizen she has a common-law right to sell beer and wine without a license from the State. The defendant's common law rights, whatever they may be, give way to a licensing system established by the Legislature to regulate the sale of alcoholic beverages. The United States Constitution contains two clauses protecting the privileges and immunities of citizens. Article IV, Sec. 2 protects citizens of one state from the actions of another, see Toomer v. Witsell (1948), 334 U.S. 385, 395, 68 S.Ct. 1156, 1162, 92 L.Ed. 1460, 1471; while the Fourteenth Amendment protects a citizen's federal rights from abridgement by the states. The protections afforded by these clauses are not absolute and will yield to the reasonable exercise of state police powers. Toomer, 334 U.S at 396; Travis v. Yale & Towne Mfg. Co. (1920), 252 U.S. 60, 79, 40 S.Ct. 228, 231, 64 L.Ed. 460, 469. Not all statutes imposing regulations abridge a citizen's privileges and immunities. Statutes regulating the sale of alcoholic beverages under the Twenty-first Amendment are a case in point. States have "broad power[s] under the Twenty-first Amendment to regulate the times, places, and circumstances under which liquor may be sold." New York State Liquor Authority v. Bellanca (1981), 452 U.S. 714, 715, 101 S.Ct. 2599, 2600, 69 L.Ed.2d 357, 360.

3

Section 16-1-101(3), MCA, declares the licensing system to be an exercise of the State's police power intended to protect the "welfare, health, peace, morals, and safety of the people . . . " This Court has held that the sale of alcoholic beverages is a matter that is "subject to the regulation and control of the police power of the state . . . " Feurherm & Neiss v. Schmaing (1979), 181 Mont. 136, 142, 592 P.2d 924, 927; State v. Andre (1936), 101 Mont. 366, 371, 54 P.2d 566, 568; see also Stephens v. City of Great Falls (1946), 119 Mont. 368, 372, 175 P.2d 408, 410. Sections 16-6-301 and 16-6-302, MCA, apply to the defendant just as they apply to every other resident of Montana. This latter section makes it a felony offense to sell or keep for sale alcoholic beverages without a license. This restriction is a valid application of the State's police power.

The defendant failed to preserve any objection to the search warrant. However, we note also that the investigators complied with § 16-6-102, MCA, in securing the search warrant. The investigators were able to state of their own knowledge that defendant was serving beer and knew from two sources, one of them defendant's employee, that defendant did not have a valid license. They showed the warrant to defendant while executing the search and she was provided with a copy of the warrant and all supporting paperwork. The investigators knew an offense was being committed, they established reasonable cause, and were able to describe the place to be searched and the articles to be seized, all in accord with § 46-5-202, MCA, and Article II, Sec. 11 of the Montana Constitution.

District Courts are courts of general jurisdiction and have jurisdiction over felonies. See Article VII, Sec. 4 of the Montana Constitution, §§ 3-5-302(1)(a), 46-2-201, MCA. "Under section 3-5-302(1), MCA, the District Court is given original jurisdiction in all felony criminal cases and 'cases of misdemeanor not otherwise provided for.'" State v. Campbell (Mont. 1981), 622 P.2d 200, 202, 38 St.Rep. 19, 21. The defendant suggests that her status as a natural-born, white citizen deprives the District Court of jurisdiction, but has cited no binding authority for such a claim.

When defendant refused at her second hearing for arraignment to enter a plea, the District Court entered a plea of not guilty for her, in accord with § 46-12-204(1), MCA. This did not prejudice defendant's rights. This complies with the law, which requires a plea on the defendant's part. See State v. Stevens (1946), 119 Mont. 169, 172, 172 P.2d 299, 301; State v. Clancy (1898), 20 Mont. 498, 502, 52 P. 267, 268.

Next the defendant claims the trial jury was improperly constituted. Sections 3-15-301 and 3-15-303, MCA, define the qualifications of a juror. Defendant has failed to show that any of the jurors failed these qualifications and her effort to challenge the whole panel was without merit since she failed to discover any inherent interest or bias held by any of the prospective jurors, as required in § 46-16-304(2), MCA. We will not disturb the District Court's ruling where defendant has not proven an abuse of discretion. It is apparent that defendant meant not to disqualify these jurors but only to substitute others who might share defendant's

5

views concerning licensing and other government regulation. The right of challenge is to reject individual panel members, not to select those who might be more sympathetic. State v. Huffman (1931), 89 Mont. 194, 198, 296 P. 789, 790.

While defendant had the inalienable right to represent herself, she had no right to demand a non-lawyer be allowed to represent her. Section 37-61-211, MCA, provides that only licensed attorneys may practice law and the District Court was without authority to allow a non-lawyer to represent the defendant. Swift v. State (Mont. 1987), 736 P.2d 117, 119, 44 St.Rep. 786, 789; In re White (1918), 54 Mont. 476, 478, 171 P. 759, 760. Similarly the court acted correctly when it ruled that the State did not have to produce a "victim" of the defendant's offense. Section 16-6-302, MCA, says that any person who sells or keeps for sale alcoholic beverages without a valid license is guilty of a felony. That law does not require the State to produce a "victim" if it can show, as the jury concluded it did here, that the defendant knew she was without a license and decided to continue selling beer and wine without paying her fair share for that privilege. In a sense the entire state, and every resident thereof other than the defendant, was the "victim" of the defendant's conduct.

It is entirely within the discretion of the District Court to decide how to instruct the jury. We will not overturn except for an abuse of discretion. Although the instructions offered by the defendant were all rejected we note that they fail to note the law or cite Montana authority and that the few points they do make were included in the

instructions given by the court. This does not represent abuse of discretion. See, Webcor Electronics, Inc. v. Home Electronics, Inc. (Mont. 1988), ____ P.2d ____, 45 St.Rep. 695, 697; In the Matter of the Estate of Hogan (Mont. 1985), 708 P.2d 1018, 1019, 42 St.Rep. 1711, 1712. We also note that her instructions would have allowed the jury to assume the court's duty of determining questions of law. Section 46-16-103(2), MCA, restates the doctrine that jurors decide facts and judges interpret the law. We will not deviate from that doctrine

Affirmed.

Justice

We concur:

Chief Justice

Justices

7