No. 96-125

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

FIRST CONTINENTAL CORPORATION,
a Montana Corporation,

        Plaintiff and Respondent,

  v.

JOHN B. PARKER, KOLEEN FELDMAN
PARKER, JULIE L. PARKER and JAMES
O. PARKER,

        Defendants and Appellants.

FILED

DEC 31 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
                In and for the County of Fergus,
                The Honorable John Christensen, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Allen Beck, Attorney at Law, Billings, Montana

                John B. Parker, Pro Se, Billings, Montana

        For Respondent:

                Norman L. Newhall; Linnell, Newhall, Martin &
                Schulke, Great Falls, Montana

Submitted on Briefs:   November 21, 1996

Decided:   December 31, 1996

Filed:

_____
        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant John B. Parker, appearing *pro se*, appeals the February 1, 1996 Order of the Tenth Judicial District Court, Fergus County, denying his motion for change of venue. Julie L. Parker appeals the February 1, 1996 Order granting default judgment against her. Appellants John B. Parker, and James O. Parker appeal the February 1, 1996 Order granting First Continental Corporation's (FCC) motion for summary judgment. We affirm. We consider the following issues on appeal:

1. Did the District Court err when it denied John B. Parker's motion for change of venue?

2. Did the District Court err when it granted default judgment against Julie L. Parker?

3. Did the District Court err when it granted summary judgment against John B. Parker and James O. Parker?

4. Is it proper for this Court to reopen the previous litigation in this matter on the basis of extrinsic fraud?

## Factual and Procedural History

This appeal arises from a deficiency judgment in the amount of $153,632 ordered against the appellants as general partners in Fergus Farming Partnership (FFP). FCC won a judgment against FFP which was affirmed by this Court on July 8, 1995. The facts leading up to that judgment will only be repeated as necessary to the resolution of the present dispute.

FFP was formed as a general partnership in 1987 to farm real property located in Fergus County, Montana. The property was being purchased by FCC pursuant to a Contract For Deed with Fox Grain and Cattle Co. (Fox). FFP took possession of the property as lessee and hired Top Gun, Inc., to perform custom farming services. FCC defaulted on the Contract For Deed and Fox instituted default proceedings and eventually litigation against FCC, FFP, and other farming partnerships in the Tenth Judicial District Court, Fergus County, Montana. The original complaint was filed on July 20, 1988. On January 16, 1990, FCC filed a cross-complaint against FFP based on an account receivable owed by FFP to Top Gun, Inc., which Top Gun assigned to FCC. The case was tried before the court on March 21, 1994 and the court entered its Findings of Fact and Conclusions of Law on June 21, 1994. After a hearing regarding attorney's fees, the court entered judgment in favor of FCC and against FFP on October 14, 1994.

FFP filed post-trial motions which were denied by the District Court. Thereafter, FFP timely filed an appeal to this Court which

3

affirmed the District Court. FFP's petition for rehearing was denied and a Remittitur issued July 27, 1995.

In the meantime, while the appeal to this Court was pending, FCC issued a Writ of Execution on FFP funds held in trust by the Fergus County Clerk of Court's office. The Writ was partially satisfied by payment of $69,190. FCC issued additional Writs of Execution for the balance of the judgment which were served in Fergus and Yellowstone Counties. They were returned unsatisfied.

Thereafter, FCC instituted the present action in the Tenth Judicial District Court filing a complaint on August 17, 1995. Appellant Julie Parker was originally served on August 27, 1995 and re-served on October 3, 1995. Appellant John Parker was served on October 1, 1995 and Appellant James Parker was served on October 18, 1995. All three appellants were served with an Amended Summons, a copy of the Complaint and the Plaintiff's First Discovery Requests (including requests for admissions). None of the appellants responded to the discovery requests.

On October 19, 1995, John Parker, appearing *pro se*, filed a Motion to Dismiss without a brief. On November 6, 1995 John Parker filed his answer and a Motion for Change of Venue.

On November 24, 1995, the Fergus County Clerk of Court entered the Defaults of Julie Parker and James Parker for failure to appear. On the same date FCC moved for summary judgment against John Parker and for entry of a Default Judgment against Julie Parker and James Parker pursuant to Rule 56, M.R.Civ.P.

4

On January 12, 1996, James Parker and Julie Parker through counsel, moved to set aside the default by the Clerk of Court. On the same date, James Parker and Julie Parker, through counsel, and John Parker, appearing *pro se*, filed an additional Answer, Third Party Complaint and Counterclaim against FCC and against John J. Greytak individually.

Hearing on all motions was conducted on January 16, 1996. The court issued its Order on February 1, 1996, and its Memorandum on February 2, 1996, granting summary judgment to FCC and judgment against John Parker, James Parker, and Julie Parker.

## Standard of Review

Our standard of review of a district court's denial of a motion to change venue is a legal conclusion which we review to determine whether the district court correctly applied the law. Carter v. Nye (1994), 266 Mont. 226, 228, 879 P.2d 729, 730; Barthule v. Karman (1994), 268 Mont. 477, 482, 886 P.2d 971, 974. Our standard of review in appeals from a district court's denial of a motion to set aside an entry of default is "that no great abuse of discretion need be shown to warrant reversal." Lords v. Newman (1984), 212 Mont. 359, 364, 688 P.2d 290, 293.

Our standard of review in appeals from summary judgment rulings is *de novo*. Motaire v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785. When we review a district court's grant of summary judgment, we apply the same evaluation as the district court based on Rule 56,

5

M.R.Civ.P. Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In Bruner, we set forth our inquiry:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

Bruner, 900 P.2d at 903 (citations omitted).

## Issues

1. Did the District Court err when it denied John Parker's motion for change of venue?

John Parker and James Parker filed separate motions for change of venue. Both motions were denied. Only John Parker appeals from the denial. On October 19, 1995, John Parker, appearing *pro se*, filed a motion to dismiss. On November 6, 1995, John Parker filed his answer and a motion for change of venue. John Parker alleged that venue was proper in Yellowstone County, as that was the county of his residence. He further alleged that, even if the choice of venue were to be determined based upon the underlying contract, Yellowstone County, rather than Fergus County, was proper because Yellowstone County was FFP's principal place of business. Both of these allegations are incorrect.

FCC objected to the motion on the basis that John Parker did not move for change of venue in his first pleading pursuant to Rule 12(b), M.R.Civ.P. A defendant waives the right to change venue when he fails to raise the issue at the time of his first appearance. Rule 12(b), M.R.Civ.P.; Hoyt v. Hoyt (1985), 215 Mont.

6

449, 456, 698 P.2d 418, 422. An "appearance is the first act of the defendant in court." Johnson v. Clark (1957), 131 Mont. 454, 459, 311 P.2d 772, 775. John Parker waived his right to change venue by failing to raise the issue when he first appeared and moved the court to dismiss the action against him.

Although the District Court could have denied John Parker's motion for change of venue on this procedural ground alone it chose to address the merits of the venue issue and denied the motion on that basis.

The District Court found that Fergus County was the proper place for venue because, although the service contract with Top Gun, Inc., was executed in Yellowstone County, Montana, it was to be performed in Fergus County, Montana.

The general rule governing venue of all civil actions is that the action shall be tried in the county in which the defendant resides. Section 25-2-118, MCA. However, § 25-2-118, MCA, provides that the general rule applies only if venue is not otherwise provided for by statute. Section 25-2-121, MCA, governs venue in contract actions:

> (2) [I]f . . . a contract belongs to one of the following classes, the proper county for such a contract . . . is . . . (b) contracts of employment or for the performance of services: the county where the labor or services are to be performed . . . .

The judgment against FFP arose out of an alleged breach of payment for services rendered by Top Gun, Inc. in Fergus County, Montana. FCC partially satisfied the judgment out of partnership assets in Fergus County. Thereafter FCC commenced the above-

7

entitled action under § 35-10-307, MCA, and § 35-10-312, MCA, to recover the balance from the individual partners. Contrary to John Parker's argument, FCC's attempt to recover the balance of the judgment against the individual partners is an ancillary and incidental action to the original proceeding against the partnership.

> The general rule is that when the determination of a matter is incident to a principal action, the court having jurisdiction of the principal action may determine the ancillary or incidental proceedings, notwithstanding the venue of an action as to such matter would, under other circumstances, be in another county.

77 Am.Jur.2d *Venue* § 27 (1975) (citations omitted). Therefore venue is proper in Fergus County, the county in which the original service contract was to be performed.

The District Court's holding as to venue comports with § 25-2-121, MCA, the statute governing venue in contract actions. The District Court correctly denied John Parker's motion for change of venue and we affirm the District Court on that issue.

2. Did the District Court err when it granted default judgment against Julie Parker?

Julie Parker was originally served with a copy of the Summons, Complaint and Plaintiff's First Discovery Requests on August 27, 1995. Due to an error in the original Summons, Julie Parker was re-served with a copy of all the documents on October 3, 1995. The Default of Julie Parker was entered by the Clerk of the Court on November 24, 1995. Julie Parker failed to contact an attorney until just prior to oral arguments on FCC's motion for default judgment against her on January 16, 1996. Julie Parker's first

8

appearance was through counsel on January 12, 1996. This appearance was more than 90 days after the second service of the documents and more than 130 days after original service of the court documents.

The District Court denied Julie Parker's Rule 55(c) motion to set aside the entry of default by the clerk and to deny FCC's motion for default judgment against her. Rule 55(c), M.R.Civ.P., provides that:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The District Court found that there was no mistake, inadvertence, surprise, or excusable neglect which would allow the court to reach the "good cause" exception and denied the motion to set aside the entry of default on that basis. We find no abuse of discretion in the District Court's holding. Furthermore, in her brief to this Court, Julie Parker has failed to offer any reason why the default judgment against her should not have been granted. We therefore affirm the District Court's grant of default motion against Julie Parker.

3. Did the District Court err when it granted summary judgment against John Parker and James Parker?

On November 24, 1995, the Fergus County Clerk of Court entered the default of Julie Parker and James Parker for failure to appear. On the same date FCC moved for summary judgment against John Parker and for entry of a default judgment against Julie Parker and James Parker.

9

On December 7, 1995, FCC filed an alternative motion for summary judgment against James Parker pursuant to Rule 56, M.R.Civ.P.

James Parker subsequently moved to set aside the default judgment. The District Court granted James Parker's motion to set aside the default on the basis of a calendering mistake by counsel and so that the merits of the competing claims could be decided by the court.

FCC's complaint against John Parker and James Parker was filed pursuant to § 35-10-312, MCA, and was based upon the joint and several liability of general partners for partnership obligations under § 35-10-307, MCA. Section 35-10-312, MCA, reads in pertinent part:

. . . .
> (2)   An action may be brought against the partnership and any or all of the partners who are personally liable for obligations of the partnership under 35-10-307 or 35 10-629 in the same action or in separate actions.
. . . .
> (4) A judgment creditor of a partner may not levy execution against the assets of the partner to satisfy a judgment based on a claim against the partnership unless:
> (a)   the partner is personally liable for the liability of the partnership under 35-10-307 or 35-10-629; and
> (b) one of the following conditions is satisfied:
> (i)   a judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or in part . . . .

It is undisputed that James and John Parker were general partners of FFP. James and John Parker were served with requests for admissions seeking to establish their status as partners in FFP more than 45 days prior to oral arguments on the summary judgment

10

motions. Neither James Parker nor John Parker responded to the requests within 45 days and therefore, under Rule 36, M.R.Civ.P., their status as partners is deemed admitted.

FCC first attempted to satisfy its judgment against FFP through assets owned by FFP. After obtaining partial satisfaction of the judgment through execution on the Clerk of Court's trust account in which funds owned by FFP were deposited, FCC issued two additional writs of execution which were returned unsatisfied. Thus, FCC has complied with the § 35-10-312, MCA, prerequisite to bringing an independent action on the judgment against the individual partners.

James Parker asserts that because he was not named individually in the original proceedings that he is not liable for the debts of the FFP partnership. John Parker asserts that since he was dismissed from the underlying action as not being a "real party" in interest he is no longer liable for any judgment arising from the original action.

Additionally, James and John Parker assert that the nature of a partner's liability under the applicable 1987 code, § 35-10-307, MCA, was "joint" liability and not "joint and several" liability and therefore the individual partners were not "jointly and severally" liable with the partnership for the liabilities of the partnership. FCC correctly points out that in 1987, § 28-1-302, MCA, rendered all "joint" obligations "joint and several" obligations. In any case, the partners do not have joint liability with the partnership. Rather, the partnership has primary

11

liability for its debts and if the partnership cannot satisfy its debts the partners become jointly and severally liable with each other for the unpaid balance of the debt. James and John Parker misconstrue the nature of partnership liability and ignore the fact that they are general partners in FFP, a partnership with an unsatisfied judgment against it.

As general partners in the FFP partnership, John and James Parker are liable for the partnership debts and therefore the District Court properly granted summary judgment against them.

4. Is it proper for this Court to reopen the previous litigation in this matter on the basis of extrinsic fraud?

The Appellants argue that the judgment obtained by FCC should be set aside because the underlying agreement upon which FCC obtained the judgment was obtained by fraud of its officer, agent and shareholder, John Greytak. The allegations of fraud revolve around Greytak's failure to reveal the true source of funds used to originally capitalize FFP. Appellants allege that they did not learn of the fraud until trial of the underlying claim in March 1994.

Even if the Appellants did not or could not have learned of the fraud until the time of trial they had the opportunity to cross-examine Greytak and could have made a motion to set aside the judgment under Rule 60(b)(3), M.R.Civ.P. However, no such motion was made. Rule 60, M.R.Civ.P., provides a procedure by which a party may seek relief from a judgment. Rule 60(b), M.R.Civ.P., provides that:

12

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . .

Having failed to seek relief from a final judgment under the applicable subsections of Rule 60(b), M.R.Civ.P., the only remaining avenue to attack the validity of the judgment against FFP is under the residual clause of Rule 60(b), M.R.Civ.P., which permits an independent action to void a judgment under "very limited circumstances." Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506, 511, 905 P.2d 158, 162. The residual clause of Rule 60(b), M.R.Civ.P., provides:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

This residual clause allows for three separate avenues of relief including: lack of personal notification, fraud upon the court, and an independent action for extrinsic fraud. See Rule 60(b); In re Marriage of Miller (1996), 273 Mont. 286, 902 P.2d 1019, 1022 (citing Salway v. Arkava (1985), 215 Mont. 135, 140, 695 P.2d 1302, 1305).

Personal notification has not been asserted. Fraud upon the court embraces only the "most egregious conduct, such as bribery of a judge or member of the jury. . . ." Marriage of Miller, 902 P.2d

13

at 1022. This Court has repeatedly held that fraud between the parties is not fraud upon the court. <u>Marriage of Miller</u>, 902 at 1022 (citation omitted). Appellants allege that Greytak committed fraud by not revealing to them the source of funding for the capitalization of FFP. Appellants have not asserted fraud upon the court.

All that remains, therefore, is an independent action for "extrinsic fraud." This Court has defined extrinsic fraud as "some intentional act or conduct by which the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy." <u>Marriage of Miller</u>, at 1022 (citations omitted).

Throughout the underlying litigation, FFP did not depose Greytak nor did it send interrogatories to Greytak or FCC in order to determine the source of funds used to capitalize the partnership. Appellants could have cross-examined Greytak or made a Rule 60(b)(3), M.R.Civ.P., motion. They chose not to. FCC has not prevented Appellants from having a fair submission of the controversy.

All of Appellants' allegations of fraud are based on the facts underlying the original litigation which was resolved by the District Court and affirmed by this Court on appeal. As such, the fraud asserted by the Appellants is intrinsic to the very cause of action that resulted in the judgment against FFP. Appellants' allegations of fraud are nothing more than an impermissible collateral attack on a final judgment. A judgment is not subject to collateral attack where the court has jurisdiction of the

14

subject matter and the parties. Swift v. State Dept. Of Natural Resources & Conservation (1987), 226 Mont. 439, 442, 736 P.2d 117, 119. Neither the District Court, in the original proceedings, nor this Court, in its July 8, 1995 decision on the appeal, lacked subject matter or personal jurisdiction.

The District Court correctly determined that the matters asserted by the Appellants in their collateral attack on the judgment against FFP were intrinsic to the merits of the matters tried in the original proceedings and therefore the judgment should not be reopened on the basis of extrinsic fraud, or any other equitable basis.

FCC seeks damages under Rule 32, M.R.App.P., for a frivolous appeal. If the Supreme Court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed "as the circumstances are deemed proper." Rule 32 M.R.App.P.; Sorenson v. Massey-Ferguson (Mont. 1996), ___ P.2d ___, ___, 53 St.Rep. 1269, 1270. This Court does not readily impose sanctions upon parties for filing frivolous appeals. Federated Mutual Ins. Co. v. Anderson (Mont. 1996), 920 P.2d 97, 102, 53 St.Rep. 618, 621. Under the circumstances presented, we are not persuaded that this appeal was taken without substantial or reasonable grounds, thereby justifying the assessment of damages. The request for damages under Rule 32, M.R.App.P., is denied.

## Conclusion

We affirm the District Court's Order denying John Parker's motion for change of venue, granting FCC's motion for a default judgment against Julie Parker, and granting summary judgment in favor of FCC against John and James Parker. Furthermore, there is no equitable basis for this court to reopen or set aside the judgment against FFP. Accordingly, we affirm FCC's judgment against the individual partners of FFP. FCC's motion for damages under Rule 32, M.R.App.P., is denied.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

16

December 31, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Allen Beck
Attorney at Law
P.O. Box 21253
Billings, MT 59104

John B. Parker
P.O. Box 20536
Billings, MT 59104


Norman L. Newhall
Linnell, Newhall, Martin & Schulke, P.C.
P.O. Box 2629
Great Falls, MT 59403


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy